CARTER, Judge.
Michael K. Whalen was charged by affidavit with the offense of driving while intoxicated, in violation of LSA-R.S. 14:98. Prior to trial, defendant filed a motion to quash the affidavit on the ground that the prosecution was untimely. The trial court denied the motion without a hearing. Defendant was convicted, and sentenced to pay a fine of $250.00, plus court costs of $82.50, or serve sixty days in jail; in addition, defendant was sentenced to serve sixty days in jail. The jail time, however, was suspended, and defendant was placed on probation, subject to the conditions that he serve two days in jail or perform four days of public service work, that he participate in a substance abuse program, and that he attend defensive driving school. Thereafter, defendant applied to this court for a writ of review of his conviction, alleging, inter alia, that the time limits for prosecution had expired. This court denied the writ on the showing made. Defendant then applied for writs to the Louisiana Supreme Court. Defendant’s writ was granted, and the case was remanded to this court for briefing, argument and opinion. 461 So.2d 302. Defendant alleges four assignments of error, as follows:
1. The trial court erred in denying defendant’s motion to quash on the *547 grounds that the prosecution was untimely.
2. The trial court erred in admitting into evidence the results of an intox-imeter test without proof of certification.
3. The trial court erred in admitting evidence of defendant’s intoxication because the initial detention was without probable cause.
4. The trial court erred in denying defendant’s motion for acquittal.
Finding merit in defendant’s first assignment of error, we pretermit discussion of his other assignments and reverse the conviction.
Defendant, a resident of Metairie, Louisiana, was arrested at approximately 12:40 a.m. on April 24, 1983, by Sergeant Joseph Sanchez and Chief Scott Jones of the Den-ham Springs Police Department. Sergeant Sanchez testified that defendant was stopped when defendant’s car pulled onto the roadway and then back onto the shoulder without using a signal indicator. He testified that defendant’s speech was slurred and that he stuttered. After detecting the odor of alcohol on defendant’s breath, the officers administered a field sobriety test. Defendant performed poorly on the field sobriety test and was arrested after the test was completed. Defendant was given a photo-electric intoxilyzer test (PEI) which established that his blood alcohol concentration was .16%.
The affidavit, in the form of a traffic ticket, which instituted the prosecution, was issued on April 24, 1983, and the defendant was booked immediately. He was subsequently released on a cash appearance bond of $400.00. The appearance bond indicated an arraignment date of May 23, 1983, in Denham Springs City Court. Defendant did not appear for his arraignment, and the court issued an attachment and set bond in the amount of $2000.00.
By transmittal letter dated May 24, 1983, a warrant was sent to Sheriff Harry Lee of Jefferson Parish for service upon defendant, a resident of that parish. The transmittal letter is endorsed with the remarks “not home.” The notation does not indicate the date or time of the attempt to obtain service, nor by whom the attempt was made. The letter was apparently returned promptly to the City Court of Den-ham Springs because it bears a notation that it was received by that court on June 6, 1983. The record does not contain any indications that further attempts at service were made.
According to the written reasons of the trial judge, proceedings were reinitiated on or about February 2, 1984[1]. Notice of arraignment was issued to defendant on that date, notifying him of the arraignment date of March. 5, 1984. At arraignment, defendant pled not guilty, and trial was set for April 30, 1984.
The transcript of the trial reveals the following exchange between defense counsel and the trial court:
MR. CANNIZZARO:
Judge, prior to proceeding with the trial
THE COURT:
Yes, sir.
MR. CANNIZZARO:
—I’d like to file in connection with this matter a Motion to Quash the affadavit (sic) which was filed in this case.
THE COURT:
Let the Minutes of the Court show that the Motion to Quash was denied.
MR. CANNIZZARO:
I’d like to enter an objection, Your Honor, to your ruling.
THE COURT:
All right, sir.
MR. CANNIZZARO:
Thank you.
A motion to quash based on the ground that the time limitation for the commencement of trial has expired may be filed at any time before commencement of trial. LSA-C.Cr.P. art. 535(B). The grounds for this motion are waived unless a motion to *548 quash is filed in conformity with the governing provisions. LSA-C.Cr.P. art. 535(D); State v. Garbo, 442 So.2d 685 (La.App. 1st Cir.1983).
LSA-C.Cr.P. art. 578 provides that, as a general rule in misdemeanor cases, trial may not be commenced more than one year after the institution of prosecution. Methods of interrupting the time limitation are provided by LSA-C.Cr.P. art. 579, which provided, at the time of defendant’s arrest, as follows:
The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Additionally, prescription is suspended by the filing of preliminary pleas. LSA-C.Cr.P. art. 580.
The prosecution herein was instituted on April 24, 1983. Therefore, unless cause be shown for the interruption or suspension of the time limits, the final date for which defendant could be tried for this offense was April 24, 1984, and the trial date of April 30, 1984 was untimely.
When the time limitation of LSA-C.Cr.P. art. 578 has apparently accrued, the burden shifts to the state to show an interruption or suspension of the prescriptive period. State v. Smith, 447 So.2d 565 (La.App. 1st Cir.1984). Once a motion to quash has been filed for untimely prosecution, the state is under a heavy burden to show a legal cause for the delay. State v. Brown, 451 So.2d 1074 (La.1984); State v. Taylor, 439 So.2d 410 (La.1983).
In his reasons for judgment, the trial judge found that the actions taken by the City Court of Denham Springs, including the bond forfeiture and in particular the intercession of a secretary of the New Orleans Municipal Court Judge to have the forfeiture rescinded, operated to suspend the time limits for the institution of prosecution. The court, however, did not specifically find that any of the methods of interruption contained in LSA-C.Cr.P. art. 579 were met.
The jurisprudence clearly indicates that the responsibility of proving timely prosecution rests with the state. State v. Taylor, supra; State v. Guidry, 395 So.2d 764 (La.1981); City of Baton Rouge v. Wheat, 377 So.2d 1234 (La.1979); State v. Garbo, supra. The trial court denied defendant’s motion to quash without a hearing; therefore, no evidence has been adduced to establish that the time limits were tolled in any manner. The appellee herein, the City of Denham Springs, did not respond to defendant’s original writ application or his writ application to the Louisiana Supreme Court, nor has the appellee filed a reply brief in the matter sub judice. Therefore, we do not know what actions, if any, the prosecution believed suspended or interrupted the prescriptive period for the institution of prosecution, and the written reasons provided by the trial court cannot carry the city’s burden of proof. Based on the record before us, the trial of this matter on April 30, 1984, was untimely.
LSA-C.Cr.P. art. 581 provides that, upon the expiration of the limitation established in the code, the court shall, upon motion of the defendant, dismiss the indictment. Defendant’s motion to quash the affidavit should have been granted, and the prosecution dismissed. Because defendant’s motion to quash is meritorious, his conviction and sentence are reversed.
REVERSED.

. The reasons actually say February 2, 1983, but that is an obvious typographical error.