EDWARDS, Judge.
Dorman Creel was charged by bill of information with theft between $100.00 and $500.00, in violation of LSA-R.S. 14:67. The defendant filed a motion to quash the bill of information, which was denied by the trial court. Thereafter, the defendant pled guilty, reserving his right to appeal the trial court’s denial of the motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). The defendant received a sentence of two years at hard labor. How *735 ever, the trial court suspended this sentence and placed the defendant on active probation for a period of two years. Furthermore, the trial court imposed the following special conditions of probation:
(1) the defendant must pay a fine of $500.00 plus court costs and pay $250.00 to the Indigent Defender Fund;
(2) the defendant must make complete restitution; and
(3) the defendant must pay a $10.00 per month probation supervision fee.
The defendant has appealed, alleging that the trial court erred in denying his motion to quash and that, due to patent error on the face of the record, his conviction and sentence must be reversed. We find merit in defendant’s argument that the bill of information should have been quashed. Therefore, the instant conviction and sentence must be reversed.
MOTION TO QUASH
The defendant timely filed a motion to quash the bill of information on the ground that the time limitation for the commencement of trial, as provided in LSA-C. Cr.P. art. 578 (2), had expired. See LSA-C. Cr.P. art. 535 B. A motion to quash is the proper procedural vehicle for such a challenge. State v. Taylor, 439 So.2d 410 (La.1983) (citations omitted).
LSA-C.Cr.P. art. 578 (2) provides that, as a general rule in non-capital felony cases, trial may not be commenced more than two years after the institution of prosecution. Methods of interrupting this time limitation are provided by LSA-C.Cr.P. art. 579, as follows:
A. The period of limitation established by Article 578 shall be interrupted if: (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Additionally, this time limitation is suspended by the filing of preliminary pleas. See LSA-C.Cr.P. art. 580.
The prosecution herein was instituted by the filing of the bill of information on March 11, 1985.[1] Therefore, unless cause be shown for the interruption or suspension of the time limits, the final date on which the defendant could have been tried for this offense was March 11, 1987. In lieu of a trial herein, the defendant entered a Crosby plea on September 30, 1987.
When the time limitation of Article 578 has apparently accrued, the burden shifts to the State to show an interruption or suspension of the prescriptive period. State v. Whalen, 470 So.2d 546 (La.App. 1st Cir.1985); State v. Smith, 447 So.2d 565 (La.App. 1st Cir.1984). Once a motion to quash for untimely prosecution has been filed, the State is under a heavy burden to show a legal cause for the delay. State v. Taylor, 439 So.2d 410 (La.1983); State v. Whalen, supra.
The defendant’s appearance bond, dated January 9, 1985, indicated that he was to appear in court on February 20, 1985. Apparently, there were no proceedings held on that date. The instant record contains four minute entries. The first minute entry is dated March 11, 1985. It states: “Bond forfeited[.] Attachment returnable upon execution.” The second minute entry, dated April 1,1985, states: “This *736 cause came on to be heard on extradition hearing. Present, William J. Burris, Assistant District Attorney. Whereupon, on motion of the state this matter was continued without date.” The next minute entry, dated September 2, 1987, indicates that a hearing on the numerous motions filed by the defendant was continued on defense motion. The last minute entry, dated September 30, 1987, indicates that the trial court denied the motion to quash, the defendant entered a Crosby plea, and the trial court imposed sentence. The numerous motions filed by the defendant, including the motion to quash, were filed in August and September of 1987.[2]
On September 30, 1987, the trial court conducted a hearing on the defendant’s motion to quash. However, no evidence was adduced. Instead, the prosecutor and defense counsel argued their respective positions, and the trial court denied the motion. During the hearing, the prosecutor argued that the record contained evidence of service of a subpoena on the bail bondsman and that this service constituted “actual notice” to the defendant pursuant to LSA-C.Cr.P. art. 579 A (3). The trial court clearly denied the motion on this basis.[3] However, in its brief, the State argues that the minute entry of April 1, 1985, indicates that the defendant “had apparently fled from the jurisdiction.” Although the prosecutor stated in his argument to the trial court that he believed the defendant had been arrested in Mississippi, there is absolutely no evidence in the record that the defendant fled the state to avoid prosecution. See LSA-C.Cr.P. art. 579 A (1). Furthermore, the record before this Court does not contain any evidence of service of a subpoena on the sureties. Thus we do not reach the question whether service of a subpoena on a bail bondsman and/or a surety constitutes the “actual notice” to defendant required by LSA-C.Cr.P. art. 579 A (3).
We conclude that the time limitation for trial expired on March 11, 1987. Based upon the record presented, the prosecution failed to carry its heavy burden of proof of an interruption or suspension of this prescriptive period. Therefore, the numerous motions filed by the defendant in August and September of 1987 and the continuance of the hearing on the motions did not suspend the prescriptive period, which had already expired.
For the foregoing reasons, defendant’s conviction and sentence are reversed and defendant is ordered discharged. LSA-C. Cr.P. art. 581.
REVERSED.

. The instant bill of information was dated March, 1985. Although it did not contain a specific date of the month, we assume, for purposes of this opinion, that it was filed on March 11, 1985, because that is the date of the first minute entry and because a notation dated March 11 appearing in the top, right-hand corner of the bill of information indicates that the defendant posted a $15,000 bond. In any event, even if the bill of information had been filed on the last day of March 1985, the outcome would not be affected.

. The defendant filed a motion for a preliminary examination in January, 1985. The motion was dated January 21, 1985, and the trial judge granted the motion on January 25, 1985. Apparently, although the motion was granted, a preliminary examination was never held. Because this motion was filed and ruled upon before prosecution was instituted by the filing of the instant bill of information in March, 1985, this motion for a preliminary examination did not suspend the prescriptive period. See LSA-C.Cr.P. art. 580. The prescriptive period had not yet even commenced.

. At the hearing on the motion to quash, defense counsel referred to a "bondsman” and the trial court referred to "bail bondsmen.” In fact, they were referring to the four personal sureties listed on the bail bond.