694 So.2d 626 (1997)
STATE of Louisiana, Appellant,
v.
Latara Faytrell HARRIS, Appellee.
No. 29574-KW.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
*627 Robert C. Johnson, Monroe, for Appellee.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, J. Michael Ruddick, Asst. Dist. Atty., for Appellant.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Latara Faytrell Harris, was indicted by a Ouachita Parish grand jury for the offense of second degree murder, a violation of LSA-R.S. 14:30.1. After a trial, the jury found the defendant guilty of manslaughter, a violation of LSA-R.S. 14:31. The trial court sentenced the defendant to serve forty years at hard labor. The defendant appealed her conviction and sentence. This court reversed defendant's conviction and remanded the matter to the trial court for further proceedings.
Subsequently, the district court denied defendant's motion to quash the indictment, which asserted that the time period in which to commence trial had expired. This court denied her request for supervisory review. The Louisiana Supreme Court granted defendant's writ application and remanded the case to the trial court, which granted defendant's motion to quash. The state appeals. For the following reasons, we affirm.

FACTS
On March 2, 1993, a Ouachita Parish grand jury indicted the defendant for the offense of second degree murder. On April 26, 1993, defendant's counsel and the state jointly continued trial until August 1993. Following a jury trial, the defendant was convicted of manslaughter and was sentenced to serve forty years at hard labor. Defendant appealed, and this court reversed her conviction and remanded the case to the trial court for further proceedings. State v. Harris, 26,411 (La.App.2d Cir. 10/26/94), 645 So.2d 224.
At the state's request, the district court issued a writ of habeas corpus ordering the removal of the defendant from the state prison in St. Gabriel to Ouachita Parish for retrial. In November 1994, defendant was *628 moved to the Ouachita Parish jail. However, the record does not reflect any further action in this case until May 28, 1996, when the defendant filed a pro se motion to quash the indictment on the grounds that the time limitation for commencing a new trial had expired. The district court denied this motion because it had not been filed by defendant's counsel.
This court denied the defendant's request for supervisory writ because her application failed to comply with URCA 4-5(f). State v. Harris, 29,060-KH (La.App.2d Cir. 7/11/96). Defendant then applied to the Louisiana Supreme Court, which granted her request for supervisory review and ordered the district court to reconsider defendant's motion to quash in light of LSA-C.Cr.P. Art. 582. State v. Harris, 96-2241 (La. 9/20/96), 679 So.2d 412.
At the subsequent hearing, the state argued that the time limitation for instituting retrial pursuant to LSA-C.Cr.P. Art. 578(2) had not expired when the defendant filed her motion to quash. The state further argued that defendant's filing of the motion suspended the running of the prescriptive period. The trial court granted the motion to quash, finding that defendant's filing of the motion did not suspend the prescriptive period, which subsequently had expired.
The state applied to this court for supervisory writs. We noted that the state's remedy from an adverse judgment on a motion to quash is an appeal taken pursuant to LSA-C.Cr.P. Art. 912(B), and ordered the preparation of the record and briefing. State v. Harris, 29,574-KW (La.App.2d Cir. 11/26/96); See La. Const. art. 5, § 10(A)(3). The appeal is now properly before this court.

DISCUSSION
The state contends the trial court erred in granting defendant's motion to quash the indictment. The state argues that the time limitation in which to commence trial had not expired when defendant filed her motion to quash.
A motion to quash is the proper procedural vehicle where defendant alleges that the time limitation for the commencement of trial has expired. See LSA-C.Cr.P. Art. 532(7); State v. Rome, 93-1221 (La. 1/14/94), 630 So.2d 1284. The responsibility of proving timely prosecution rests with the state. State v. Whalen, 470 So.2d 546 (La. App. 1st Cir.1985). When a defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, supra. In general, for noncapital felony cases, the state must commence trial within two years from the date of institution of the prosecution. LSA-C.Cr.P. Art. 578(2).
In the context of this case, "institution of prosecution" occurred upon the finding of an indictment. LSA-C.Cr.P. Art. 934(7); see State v. Butler, 302 So.2d 585 (La.1974). On March 2, 1993, the defendant was indicted for second degree murder. On April 26, 1993, the state and defendant jointly moved to continue the trial date. The state contends that once the joint motion for continuance was granted, the prescriptive time period for commencing trial was interrupted. This view is not supported by the law.
There is a distinction between the terms suspension and interruption. Prescription is interrupted when the state is unable, through no fault of its own, to try a defendant within the period specified by statute. LSA-C.Cr.P. Art. 579(A)(2); State v. Rome, supra. Once the cause of interruption is removed, the two-year time limitation begins anew. LSA-C.Cr.P. Art. 579(B); State v. Rome, supra.
In contrast, when a defendant files a preliminary plea such as a motion for continuance, the two-year time period established by Article 578 is suspended. See LSA-C.Cr.P. Art. 580; State v. Evans, 627 So.2d 664 (La.App. 2d Cir.1993). This suspension lasts only from the date the motion is filed until the date the trial court rules on the motion. State v. Cranmer, 306 So.2d 698 (La.1975). Where prescription is suspended, the relevant period is not counted towards the two-year time limitation. After the trial *629 court rules on the motion, the state has a minimum period of one year from the date of the ruling in which to commence trial. LSA-C.Cr.P. Art. 580, Official Comment (a); State v. Evans, supra.
Contrary to the state's contention, the prescriptive period is suspended when the preliminary motion is filed, not when it is ruled upon by the trial court. Moreover, the minutes of court reflect that the parties' joint motion was filed and granted on the same day, so that the Article 578 time limitation was not suspended. See LSA-C.Cr.P. Art. 13. In addition, after the court's ruling, there was more than one year available in which to commence trial. The state's argument lacks merit.

Time Limitation for New Trial
In its brief, the state appears to argue that once a defendant's first trial is initiated, the Article 578 prescriptive period is suspended until a new trial is ordered and at that point prescription resumes running. Under this interpretation, the state contends that the deadline for retrying defendant had not expired when she filed the motion to quash.
LSA-C.Cr.P. Art. 582 provides that when a defendant obtains a new trial, the state must commence the second trial within one year from the date the new trial is granted, or within the period established by Article 578, whichever is longer. When an appellate court reverses a conviction and orders a new trial, the prescriptive period set forth in Article 582 begins when the appellate court's judgment becomes final. State v. Brown, 451 So.2d 1074, 1079 (La.1984).
If the state fails to commence trial within the time limits provided by Article 582, and defendant does nothing to suspend or interrupt the time limitation, a motion to quash for untimeliness should be sustained and the prosecution discharged. See State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987), reh'g denied, 484 U.S. 1021, 108 S.Ct. 737, 98 L.Ed.2d 684 (1988). In such a case, there shall be no further prosecution against the defendant for that criminal conduct. LSA-C.Cr.P. Art. 581; State v. Bennett, 610 So.2d 120 (La.1992).
Here, the state did not apply for a rehearing or apply for review to the supreme court within 14 days after rendition of this court's judgment, which subsequently became final on November 9, 1994. See LSA-C.Cr.P. Art. 922(B). Pursuant to C.Cr.P. Art. 582, the state was required to retry defendant within one year from the date this court's judgment became final, or within the two-year period established by Article 578, whichever was longer.
The Louisiana Supreme Court applied the provisions of Article 582 in State v. Brown, supra. After having remanded the case for a new trial, on September 26, 1980, that order became final and Brown filed a motion to quash just over one year later on September 30, 1981. The supreme court held that the trial court erroneously denied Brown's motion to quash because the state failed to commence the second trial within one year from the date on which the order granting a new trial became final. The court also specifically considered the Article 578 time limitation, noting that:
[t]wo years from the date of the initial prosecution ... (July 31, 1978) had expired at the time this Court's judgment granting him a new trial became final (September 26, 1980) so that one year from this latter date was the longer time period and the appropriate one to apply under La.C.Cr.P. art. 582.
Id. at 1080 n. 6.
Similarly in the present case, when this court's judgment granting a new trial became final in November 1994, there were only a few months remaining before the Article 578 limitation period expired on March 2, 1995. Thus, the one-year time limit prescribed by Article 582 was the longer period and was applicable to the present situation, giving the state until November 9, 1995 to commence the defendant's second trial. The state has not presented any specific provisions of the Code of Criminal Procedure which support its argument that prescription is suspended during the defendant's first trial. Moreover, in the Brown case, the supreme court implicitly found that the statutory time limitation is *630 not suspended by the defendant's initial trial.
The state concedes in brief that it failed to undertake any steps to bring the defendant to trial within the prescribed period of one year from November 9, 1994. The record shows that in May 1996, when the defendant filed a motion to quash based on a claim of prescription, the statutory time period had expired. Upon the expiration of the time limitations for the commencement of trial, if the defendant files a motion to quash, the trial court is required to dismiss the indictment. LSA-C.Cr.P. Art. 581; State v. Chapman, 495 So.2d 1001 (La.App. 3rd Cir.), writ denied, 498 So.2d 756 (La.1986). The state's argument lacks merit.
The state contends that it was unable to try the defendant because of circumstances beyond its control and as a result the running of the time limitation was interrupted. The state argues that it should not be prejudiced by the delays inherent in the appellate process.
LSA-C.Cr.P. Art. 579 provides that the period of limitation established by Article 578 shall be interrupted if the defendant cannot be tried because her presence cannot be obtained by legal process or for any other cause beyond the control of the state. The effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried. LSA-C.Cr.P. Art. 857.
As previously noted, prescription is interrupted under Article 579 when the state, through no fault of its own, is unable to try a defendant within the statutory period. We note that in the present situation, defendant was at all pertinent times held in custody. Thus, her presence for trial was available by legal process at the state's request. The state has not presented any authority to show that the defendant's appeal constitutes a cause beyond the state's control as contemplated by Article 579. Nor has the state established the manner in which it was prejudiced by the fact that defendant sought appellate review of her conviction.
After reviewing the entire record, we conclude that the state failed to carry its heavy burden of proving that it was unable to act or was prevented from acting to commence the new trial within the statutory time limits. Upon expiration of the time limitations for commencing trial, the Code of Criminal Procedure expressly requires the district court to dismiss the indictment. Therefore, the trial court did not err in granting the defendant's motion to quash the indictment based on prescription. The assignment of error lacks merit.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.