702 So.2d 328 (1997)
STATE of Louisiana, Appellee,
v.
Clyde DUNCAN, Appellant.
Nos. 29896-KA, 29897-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
Rehearing Denied December 4, 1997.
Samuel Thomas, Tallulah, for Appellant.
Richard Ieyoub, Attorney General, James D. Caldwell, District Attorney, James Trey Phillips, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and HIGHTOWER and PEATROSS, JJ.
MARVIN, Chief Judge.
After bargaining to enter a Crosby plea to the crimes of distribution of cocaine and possession of cocaine with intent to distribute to facilitate review of the trial court's denial of his motion to quash the prosecution against *329 him, Clyde Duncan appeals, contending that the two-year time limit to bring him to trial had expired. La.C.Cr.P. arts. 580, 578(2).
The trial court reasoned that Duncan's application for a bill of particulars three months before prosecution was instituted by bills of information suspended the running of prescription until prescription "began to run again with the [state's] answers to the bill of particulars [19 months after institution of prosecution]."
Under the circumstances of this record, respectfully disagreeing, we find the state did not meet its burden of proving suspension. We reverse and render judgment sustaining Duncan's motion to quash.

FACTS
An arrest warrant was issued for Duncan after he sold a rock of cocaine to an undercover police officer on January 28, 1994. When Duncan came to Tallulah City Hall for an unrelated matter on April 14, 1994, he was arrested, but resisted and attempted to escape. He was subdued and searched by police who found "two large balls of cocaine [taped]" near Duncan's scrotum. Once the search was accomplished, Duncan was arrested for his conduct on April 14: possession of cocaine with intent to distribute; resisting arrest, attempted simple escape, and two counts of battery on police officers.
Raymond Cannon was appointed to represent the indigent Duncan on May 16, 1994. Cannon filed a motion for a preliminary examination on June 13, 1994. On June 23, 1994, Attorney Samuel Thomas was also appointed as counsel of record for Duncan. On May 26, 1994, three months before bills of information were filed on August 25, 1994, formally instituting prosecution of Duncan for the above crimes, Thomas filed on behalf of Duncan: a motion for preliminary examination, a motion for oyer, a motion for discovery, and an application for a bill of particulars.
On June 23, 1994, the trial court conducted the preliminary hearing sought in Thomas' motion filed on May 26, 1994, and Cannon's motion filed on June 13, 1994. On June 23, 1994, the trial court found probable cause and set July 28, 1994 as the deadline for Duncan to file additional motions. The record entries before August 25, 1994 refer to "unfiled" bills of information and do not contain a court docket number, but only a file number assigned by the prosecutor's office. Bills of information were filed by the state and assigned court docket numbers on August 25, 1994, for the above crimes. Arraignment was set for January 24, 1995. On January 10, 1995, the trial court granted Duncan's motion to continue, setting arraignment on February 27, 1995. On that date, the court granted the joint motion of the state and Duncan for a continuance of arraignment to April 20, 1995.
Duncan waived formal arraignment on April 20, 1995, pleading not guilty to the several charges, and set Duncan's cases for trial on October 30, 1995. On October 30, 1995, the court granted the state's oral motion for continuance and set Duncan's cases for trial on March 18, 1996. On March 11, 1996, the trial court granted the state's motions to determine Duncan's counsel of record and again set the cases for trial on March 18, 1996. Cannon's failure to object to these continuances sought by the state does not constitute his joinder in the state's motion.
On March 18, 1996, the state filed responses to Duncan's motions for discovery and oyer and application for a bill of particulars that had been filed prematurely before prosecution was instituted by the state. Neither the minutes nor the pleadings in the record reflect what occurred on March 18, 1996, the trial date set by the court on October 30, 1995 and on March 11, 1996.
The next event appearing of record after March 18, 1996, is the court's order dated October 11, 1996, on the state's motion, fixing Duncan's cases for trial on October 21, 1996.
On the October 21, 1996 trial date, Duncan filed a motion to quash on the grounds of Art. 578(2) untimeliness. He also filed a motion to suppress on October 22, 1996. The trial court denied these motions after a hearing on October 22, 1996. Duncan then entered his Crosby pleas, reserving his right to appeal to gain review of the denial of his motion to quash. The trial court imposed *330 concurrent sentences of 15 years at hard labor on the two cocaine charges.

DISCUSSION
Trial of a non-capital felony case must be held within two years from the date of institution of the prosecution. Art. 578(2). "Institution of prosecution" is defined as "the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial." La.C.Cr.P. art. 934(7). Prosecution was instituted against Duncan when the state filed bills of information on August 25, 1994. The state had until August 25, 1996 to bring Duncan to trial unless prescription was suspended by Duncan in accord with Art. 580.
A motion to quash is the proper motion to challenge an untimely commencement of trial. State v. Caston, 26,415 (La. App.2d Cir. 10/26/94), 645 So.2d 1202, 1206, writ denied, 654 So.2d 337 (La.1995). If the trial is not timely commenced, the court shall uphold the defendant's motion to quash and dismiss the indictment. State v. Harris, 29,574 (La.App.2d Cir. 5/7/97), 694 So.2d 626, 630.
Because the record clearly reflects that prosecution was instituted on August 25, 1994, and that Duncan was not brought to trial until October 21, 1996, Duncan's motion to quash is facially meritorious. In such circumstances, the state bears the "heavy burden" to clearly establish either an interruption or a suspension of the time limit. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286; State v. Cranmer, 306 So.2d 698 (La.1975); State v. Creel, 525 So.2d 734, 735 (La.App. 1st Cir.1988). The state does not contend that prescription was interrupted, but urges that prescription was suspended as Art. 580 provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
Our emphasis.
The state contends prescription was suspended by Duncan's motions for bills of particulars and for discovery and oyer which were filed by Duncan on May 26, 1994, three months before the prosecution was instituted by the filing of bills of information on August 25, 1994. The court minutes relating to these filings before the institution of prosecution refer to "unfiled" bills of information and bear only the prosecutor's file numbers. Duncan's motion for a preliminary hearing, also filed on May 26, 1994, was not premature and did not serve to suspend prescription. The "preliminary pleas" in Art. 580 are those pleas that are filed after the institution of prosecution. State v. Elfert, 247 La. 1047, 175 So.2d 826, 828 (La.1965), ["A preliminary plea within the meaning and contemplation of this article [La. R.S. 15:7.10][1] is any plea filed after the prosecution is instituted and before the trial that causes the trial to be delayed."] Our emphasis and brackets. See also State v. Simpson, 506 So.2d 837, 838 (La.App. 1st Cir.1987), writ denied, 512 So.2d 433 (La.1987); State v. Price, 482 So.2d 135, 137 (La.App. 4th Cir.1986).
Prosecution was not instituted, of course, until the bills of information were filed and court docket numbers assigned in each case on August 25, 1994, technically rendering the motions and application filed by Duncan on May 26, 1994 premature because of that circumstance.
Duncan argues that he did not urge the premature motion for bills of particulars and the premature motions after prosecution was instituted because he considered the particulars "satisfied" by the preliminary hearing conducted and ruled on by the court on June 23, 1994. Indeed the transcript of the preliminary hearing in the record provides much of the information sought in Duncan's premature application and motions, primarily relating *331 what occurred between Duncan and the police on April 14, 1994. That transcript also reflects the court's and the prosecutor's confusion about who filed what and when and under what docket number before and after prosecution was instituted.
The state simply asserts that the premature motions and application for bill of particulars were pending at least until the state formally responded to the premature motions and application on March 18, 1996, the trial date fixed by the court in proceedings on October 30, 1995 and on March 11, 1996.
A defendant's filing of motions which otherwise would suspend prescription after the two-year period for trial has accrued do not suspend the Art. 572 prescription. State v. Creel, supra. Here we have motions filed before prosecution is instituted and the two-year period begins to accrue.
This record contains no suggestion that Duncan, after the preliminary hearing on June 23, 1994, and after prosecution began to accrue on August 25, 1994, somehow compelled answers to, or re-urged, in this record, the premature application for bill of particulars and the premature motions. Indeed, there is no court ruling or order after prosecution was instituted ordering the state to respond. On the other hand, we would readily agree that Duncan had no preliminary pleas pending, if, after the preliminary hearing on June 23, 1994, Duncan had formally withdrawn his premature motions.
Notwithstanding the above observations, we find nothing in the record that favors the state or relieves it of its "heavy burden" to show suspension of the two-year period that began to accrue August 25, 1994. Instead, the record shows that Duncan's last request or joinder for a continuance of a trial date occurred February 27, 1995. The court "ruled" on that date, granting the motion and setting April 20, 1995 as the arraignment date. Duncan was arraigned on April 20, 1995. All continuances thereafter in this record were granted on the state's motion.
The record shows that on October 30, 1995, and again on March 11, 1996, on the state's motion, the trial court set March 18, 1996 as Duncan's trial date. This record contains no minute entries between April 20 and October 30, 1996. The state's responses to Duncan's premature application and motions are in the record. These responses state that they were "delivered" to "Attorney for defendant" on March 16 and show the responses were filed with the clerk of court on March 18, 1996, the trial date set by the court some five months before. The record simply does not show that either the state or Duncan appeared in court on March 18, 1996.
The two-year time limitation for trial began accruing when prosecution was instituted against Duncan by bills of information on August 25, 1994. That prescription was suspended when Duncan moved for a continuance on January 9, 1995 and, jointly with the state, moved for a continuance on February 27, 1995. The January 9, 1995 motion was granted on January 10, 1995, while the February 27, 1995 motion was granted on the day it was made. The February 27, 1995 motion was the last preliminary plea made by Duncan which caused the trial to be delayed. Art. 580 suspends for not less than one year, but does not interrupt, the accrual of the two-year prescription for trial of the defendant when the defendant files a motion that causes the trial to be delayed. See discussion in State v. Rome, supra. The suspension begins with the defendant's filing of a motion which would delay the trial. The suspension ends when the court rules on the defendant's motion. State v. Elfert, supra; State v. Rome. supra.
The Official Revision Comment to Art. 580, State v. Cranmer, supra and Rome, supra, explain that the time between the filing of defendant's motion and the court's ruling, being suspended, is simply not counted in the Art. 578 two-year period, and, in those cases where defendant's motion is filed when the two-year prescription period is about to expire, art. 580 gives the state a reasonable time [not less than a year from the court's ruling on the motion] to try the defendant.
Here the state instituted prosecution on August 25, 1994, and brought Duncan to trial October 21, 1996, almost 26 months later. As in Cranmer and Rome, supra, we have no pleading in this record by Duncan after prosecution was instituted that suspended the *332 accrual of the two-year prescriptive period for any great length. Duncan's last joinder in a motion for continuance effecting suspension of the two-year prescription accruing against the state occurred February 27, 1995. This suspension ended when the court ruled on the joint motion on the same day.
The transcript of the hearing on Duncan's motion to quash on October 22, 1996, allows the conclusion that the state and the court were unsure about what and when defense motions were pending that served to delay the trial. Duncan argues that he considered his premature motions to have been satisfied by disclosures made at the preliminary hearing on June 23, 1994. The state's response to the premature motions on March 18, 1996, almost 21 months after the preliminary hearing, indirectly supports Duncan's argument. The state's responses, filed on March 18, 1996, are replete with answers stating: "Refer to transcript of 6-23-94 preliminary examination" or "None known at this time."
In any event, we emphasize that the heavy burden to prove suspension of the two-year prescription period for trial, as Rome, supra, labels it, does not rest with the defendant, but with the state. Instead, the intent of Art. 578 is to impose on the judicial tribunal the obligation of proceeding with reasonable dispatch in bringing a defendant to trial. State v. Rome, supra.

CONCLUSION
The two-year time limitation for trial is statutorily imposed on the state. Art. 578. Statutes also state when that limitation [or prescription] begins to accrue against the state [by the filing of bill(s) of information, indictment or affidavit]. Art. 934(7). Only after prescription begins to accrue, can it be interrupted, suspended or renounced. Suspension ends when a defendant's motion which would delay the trial is ruled on by the court. The state's unilateral or voluntary action in responding to a defendant's request does not begin or end the accrual of the prescription.
After the two-year prescription has fully accrued, it is not interrupted or suspended by the defendant's filing of a motion which otherwise before full accrual, would interrupt or suspend prescription. See authorities cited supra; State v. Creel, supra. Likewise, before the two-year prescription for trial begins to accrue, it is not interrupted or suspended by a defendant's filing of a motion which otherwise during the accrual, would interrupt or suspend prescription. The two-year prescription cannot begin until prosecution is instituted. This is not to say a defendant and the state might not cooperate to facilitate the trial of his case before prosecution is instituted. In such circumstances, the two-year prescription for trial that begins to accrue with the institution of prosecution, of course, is not affected and neither party can be compelled by the other except as the law allows. In such circumstances any prematurely filed motions by defendant seeking information from the state that have not been answered when prosecution is instituted may be re-urged or re-filed by the defendant to compel the state to respond. We have no such circumstance in this record. After prosecution was instituted, Duncan did not re-urge any of his premature motions.
We must conclude that no defense motion that would suspend prescription was pending after February 27, 1995 under the trial court docket numbers on which the state instituted prosecution against Duncan on August 25, 1994. Prosecution could not have begun on the "unfiled bills" to which Duncan's counsel prematurely responded. Trial could not have been set or held until Duncan was arraigned.
The state has simply not met its burden of showing that the two-year time limitation was suspended for a length of time that would make timely the bringing Duncan to trial on October 21, 1996, on prosecutions instituted on August 25, 1994. The Art. 578 two-year time limitation expired before Duncan was brought to trial on October 21, 1996.

DECREE
The trial court's denial of the motion to quash is reversed. The conviction and sentence are vacated. The motion to quash the bills of information against Duncan is granted and bills are dismissed.

*333 APPLICATION FOR REHEARING
Before MARVIN, C.J., and HIGHTOWER, BROWN, GASKINS and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] La. R.S. 15:7.10 is the source of La.C.Cr.P. art. 580. It reads:

La. R.S. 15:7.10. Suspension of time limitation.
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by R.S. 15:7.8 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.