h CARAWAY, Judge.
Defendant was indicted for second degree murder in January, 1996. In October, 1998, defendant filed a Motion to Quash the indictment, relying on La. C.Cr.P. art. 578. The trial court granted defendant’s motion to quash, because the state failed to commence trial within the two-year time limitation of article 578. From this ruling, the state appeals. For the reasons stated below, we affirm the ruling of the trial court.

Facts & Procedural History

Defendant, Clyde Duncan (“Duncan”), was arrested and jailed on or about September 8, 1995 in connection with the murder of Sharron “Cookie” Buchanan (“Buchanan”). On January 23, 1996, a grand jury indicted Duncan for the second degree murder of Buchanan. Although bond was set, Duncan never posted bond and remained incarcerated until around August 19, 1999. The attorney general’s office represented the state in this ease, following the recusal of District Attorney James D. Caldwell.
The record reveals the following pertinent chronology of filings in the trial court:
1)September, 1995, counsel appointed to represent Duncan;
2) October 2, 1995, Duncan filed the following:
a) Application for Bill of Particulars;
b) Motion for Production of Initial Investigative Report Pursuant to La. R.S. 44:3(4)(a);
c) Motion to Suppress Confession & Inculpatory Statement;
d) Motion for Preliminary Examination;
e) Motion for Discovery;
f) Motion for Oyer of Confession.
3) November 13, 1995, following the appointment of new defense counsel, Duncan filed:
a) Motion to Examine & Weigh Contraband & See & Hear Video;
b) Motion to Suppress Evidence;
|gc) Motion for Production of Initial Investigative Report Pursuant to La. R.S. 44:3(4)(a);
d) Motion of Oyer of Confession;
e) Motion for Discovery;
f) Motion to Reduce Bond — hearing set for November 28,1995;
g) Application for Bill of Particulars.
(4) December 1,1995, Motion to Release Defendant;
(5) December 27, 1995, Judgment on Motion to Release Defendant;
(6) January 23, 1996, Grand Jury Indictment;
(7) March 26, 1996, Defendant’s Motion to Reduce Bond;
(8) April 4, 1996, Defendant’s Motion for Continuance of April 9, 1996 hearing date on motion to reduce bond and for arraignment, and Order granting defendant’s motion, setting new date of May 14,1996;
(9) May 14, 1996, State’s Motion for Continuance of May 14, 1996 hearing date on motion to reduce bond and for arraignment, and Order granting state’s motion, setting new date of June 11,1996;
*256 (10) July 30, 1996, State’s Motion to Set Case for Trial, and Order setting trial date for October 21,1996;
(11) September 3, 1996, Defendant’s Ex Parte Motion for Forensic Pathologist and Reasons Supporting Need of the State to Furnish a Forensic Pathologist, and Order granting motion;
(12) September 30, 1996, Defendant’s Motion for Discovery of the victim’s medical records, and Order granting motion;
(13) July 1, 1998, State’s Motion to Set Case for Trial, and Order setting trial date for October 19,. 1998; and
(14) October 1, 1998, Defendant’s Motion to Quash indictment, and Order setting hearing date for October 15,1998.
There is no indication in the record why trial did not commence at the first setting thereof on October 21,1996.
On October 15, 1998, the trial court heard the testimony of both the clerk of court and Duncan on Duncan’s motion to quash. On May 24, 1999, the trial court issued a ruling stating in pertinent part:
The court reviewed the record for pleadings filed by the defendant which would suspend the time limitations set out by Code of ^Criminal Procedure Article 580 and the court can not find any pleadings which were filed and not ruled on which would add any appreciable time to the two years from January 23, 1996. Thus, the Motion to Quash is granted.

Discussion

The state appeals, claiming that the trial court erred in granting Duncan’s motion to quash, because defendant’s pre-trial motions, specifically the motions to suppress and for preliminary examination, are preliminary pleas which suspend the time limitation of La.C.Cr.P. art. 578. In light of the statutes and jurisprudence cited below, we disagree.
La.C.Cr.P. art. 578 states:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
La.C.Cr.P. art. 580 states:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
Trial of a non-capital felony case must be held within two years from the date of institution of the prosecution. La.C.Cr.P. art. 578(2). “Institution of prosecution” is defined as “the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial.” La.C.Cr.P. art. 934(7); State v. Duncan, 29,896 (La.App.2d Cir.10/29/97), 702 So.2d 328, 330; State v. Pratt, 32,302 (La.App.2d Cir.9/22/99), 748 So.2d 25. Prosecution was instituted against Duncan when the grand jury indicted him on 14January 23, 1996. Therefore, the state had until January 23, 1998 to bring Duncan to trial, unless prescription was suspended by Duncan in accordance with La. C.Cr.P. art. 580. State v. Duncan, supra.
A motion to quash is the proper motion to challenge an untimely commencement of trial. State v. Duncan, supra; State v. Pratt, supra; State v. Caston, 26,415 (La.App.2d Cir.10/26/94), 645 So.2d 1202, 1206, writ denied, 94-3137 (La.5/5/95), 654 So.2d 337; C.Cr.P. arts. 532(7) and 581. If the trial is not timely *257 commenced, the court shall uphold the defendant’s motion to quash and dismiss the indictment. State v. Duncan, supra; State v. Harris, 29,574 (La.App.2d Cir.5/7/97), 694 So.2d 626, 630.
Because the record reflects that prosecution of this case was instituted on January 23, 1996, and that Duncan would not have been brought to trial until October 19, 1998, Duncan’s motion to quash is facially meritorious. State v. Duncan, supra. In such circumstances, “the State bears a heavy burden to demonstrate either an interruption or a suspension of time such that prescription will not have tolled.” State v. Pratt, supra.
Preliminary pleas filed by a defendant prior to the institution of prosecution do not have the effect of suspending prescription under La.C.Cr.P. art. 580. State v. Duncan, supra. Such preliminary pleas are in fact premature, and to suspend the two-year prescriptive period, the record must reflect that the defendant re-urged them after prosecution was instituted. Id.
 Here, the record does not reflect that after the January 23, 1996 grand jury indictment, Duncan re-urged any of the preliminary pleas filed by his appointed counsel on October 2, 1995 and November 13, 1995. Duncan filed four post-indictment motions, two of which (motion for appointment of expert and motion for discovery of medical records of victim) were granted by the trial court the same |Rday they were filed. Therefore, these two post-indictment motions did not suspend the time limitation of article 578. State v. Duncan, supra; State v. McDonald, 30,854 (La.App.2d Cir.8/19/98), 718 So.2d 542. The only post-indictment motion that was not ruled upon by the trial court was Duncan’s motion to reduce bond.[1] Since this motion does not concern evidentiary matters bearing on the offense and is unlikely to cause any delay in the matter proceeding to trial, it is not a “preliminary plea” within the meaning of La.C.Cr.P. arts. 521 and 580. Duncan’s April 4, 1996 motion for continuance delayed hearing on the motion to reduce bond for approximately 40 days, and then the state sought a continuance to June 11, 1996. There is no minute entry for June 11, 1996. Apparently, the matter was never heard by the trial court, nor pursued by Duncan. Considering all of Duncan’s post-indictment motions, there was no suspension of the time which would have prevented the two years from running during the thirty-three month period prior to the filing of the motion to quash.
The state contends that its prosecution was delayed by Duncan’s two motions to suppress his confession and/or inculpatory statement, which had not been ruled on by the trial court, and by Duncan’s request for a preliminary examination. The state’s argument regarding the motion to suppress lacks merit in light of our holding in State v. Duncan, supra, ironically involving the same defendant. Further, on this record, it is reasonable to assume that Duncan decided to waive his request for a preliminary examination after the assistant attorney general agreed to have “open file discovery” with defense counsel at the December 21,1995 hearing.
| fiSince prosecution was instituted in this case by grand jury indictment on January 23, 1996, the state had until January 23, 1998 to bring. Duncan to trial, unless it could show interruption or suspension of the two-year time limit under La.C.Cr.P. arts. 579 or 580, respectively. On this record, we hold that the state has failed to meet its burden of showing that the two-year time limitation was suspended for any length of time. The two-year time limitation expired approximately five months be *258 fore the state’s July 1, 1998 request that a trial date be set, and approximately eight months prior to the proposed trial date.

Conclusion

The trial court’s grant of Duncan’s motion to quash is hereby affirmed.
AFFIRMED.
BROWN, J., dissents with written reasons.

. Although the motion to reduce bond does not mention a request for arraignment, the April 9, 1996 motion for continuance hearing had written that the hearing was to include Duncan’s arraignment. The record does not reflect that Duncan was ever arraigned on the second degree murder charge; however, under the circumstances of this case, it is reasonable to assume that Duncan waived his right to an arraignment. La.C.Cr.P. art. 555.