786 So.2d 317 (2001)
STATE of Louisiana, Appellee,
v.
Ike OLIVER, III, Appellant.
No. 34,292-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*318 Richard Ieyoub, Attorney General, James D. Caldwell, District Attorney, James Trey Phillips, Assistant District Attorney, Counsel for Appellant.
Samuel Thomas, Counsel for Appellee.
Before NORRIS, BROWN, STEWART, GASKINS, CARAWAY, PEATROSS, KOSTELKA, and DREW, JJ.

EN BANC
BROWN, Judge.
Defendant, Ike Oliver, III, moved to quash two bills of information charging him with the attempted second degree murders of Alfred and Diane Buckley.[1] Finding that the state failed to bring defendant to trial within the two-year period required by La.C.Cr.P. art. 578(2), the trial court granted the motion. From this adverse ruling the state appealed. La. C.Cr.P. art. 912B(1). For the reasons set *319 forth below, we reverse and remand for trial.

FACTS
According to the police report, on December 30, 1996, defendant backed his car into Diane Buckley's vehicle in the parking lot at Wilmore's Lounge in Tallulah, Louisiana. Diane Buckley went into the lounge to call the police. Defendant followed her into the lounge where they argued. Alfred Buckley, Diane's husband, struck defendant. When Alfred saw defendant reaching for a gun, he grabbed his wife and attempted to leave. Defendant fired eight shots from a 9mm handgun at the Buckleys, striking Diane Buckley in the back.
Defendant was arrested the night of the shooting, and thereafter he filed several motions through two different court-appointed attorneys. Attorney Raymond Lee Cannon filed an application for a bill of particulars, a motion for Oyer of Confession, a motion for discovery, a motion to suppress evidence, a motion to suppress a confession and inculpatory statements, a motion for production of the initial investigative report and a motion to reduce bond. A hearing on these motions was set for January 13, 1997. Attorney Samuel Thomas filed a motion to reduce bond, which was set for hearing on January 16, 1997, as well as motions for preliminary examination, oyer, and discovery which were set for hearing on February 18, 1997.
The record contains no transcript or minute entry indicating that anything occurred on January 13, 1997. A bond reduction hearing was held on January 16, 1997. Both attorneys appeared at this hearing and the court vacated Cannon's appointment. The court reduced defendant's bond to $50,000, which he posted.
At a hearing conducted on February 18, 1997, the following transpired in court: Mr. Phillips (Assistant District Attorney):
This is Ike Oliver, III. Judge, we were here on various motions. Mr. Oliver is out on bond. His bond was reduced on January 16th. And he posted bond and is out on that right now. I believe based on discussions with Mr. Thomas earlier, that we agreed that this item pending further discussions regarding facts and possible plea bargain discussions that I think the matters (motions) are gonna be continued that are set for today.
Mr. Thomas (Defendant's Attorney):
Yeah, Your Honor, we have no objection. In fact, we would move for continuance. And, Iwhat I
Mr. Phillips:
Oh, I think we might have had the arrangements (sic) too. I forgot.
Mr. Thomas:
That's what I wanted to do was arraign him, Your Honor. In fact, I want to waive formal arraignment and enter a plea of not guilty to the charge of attempted second degree murder, two counts. And what's the other?
The Court:
Is it possession of a firearm on an alcohol outlet?
. . .
The Court:
All right. Let the not guilty pleas be entered in all cases. Formal arraignment has been waived. Would counsel like to, since thiswe're undergoing further review, do you wish to fix this for the October term?
Mr. Phillips:
Yes, sir.
The Court:

*320 All right. Let the trial in all cases be set for October 20, 1997 at 9:30 a.m. at the petit jury term beginning that date. And also in that matter, let's show that motions are continued to be refixeddo you wish to refix those by written motions or do you wish to have a
Mr. Thomas:
I would like to refix `em by written motion.
The Court:
Motions are continued to be refixed by written motions.
(Emphasis added).
The above not guilty pleas occurred even though prosecution had not yet been instituted, i.e., no indictment had been returned and no bill of information had been filed. In fact, bills of information were not filed until a year later on March 4, 1998. Defendant never pled to these bills of information; however, on the motion of the district attorney, trial was set for October 19, 1998, and reset for March 15, 1999, October 18, 1999 and finally, March 20, 2000.
On March 20, 2000, defendant filed a motion to quash. Although stating its disagreement with this court's decision in State v. Duncan, 29,896, 29,897 (La.App.2d Cir.10/29/97), 702 So.2d 328 (hereinafter "Duncan I"), the trial court felt constrained by that decision and granted the motion.[2]

DISCUSSION
Trial of a non-capital felony case must be held within two years from the date of institution of the prosecution. La.C.Cr.P. art. 578(2). "Institution of prosecution" is defined as "the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial." La.C.Cr.P. art. 934(7); State v. Pratt, 32,302 (La.App. 2d Cir.09/22/99), 748 So.2d 25.
A motion to quash is the proper motion to challenge an untimely commencement of trial. La.C.Cr.P. arts. 532(7) and 581; State v. Pratt, supra; State v. Caston, 26,415 (La.App.2d Cir.10/26/94), 645 So.2d 1202, writ denied, 94-3137 (La.05/05/95), 654 So.2d 337. If the trial is not timely commenced, the court shall uphold the defendant's motion to quash and dismiss the indictment. State v. Harris, 29,574 (La.App. 2d Cir.05/07/97), 694 So.2d 626.
La.C.Cr.P. art. 580 states:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state *321 have less than one year after the ruling to commence the trial.
In State v. Pratt, supra at 28-29, this court set forth the applicable law as follows:
A motion to quash is the proper vehicle to assert that the time limitation for the commencement of trial is untimely. La. C.Cr.P. art. 532(7); State v. Duncan, 29,896 (La.App.2d Cir.10/29/97), 702 So.2d 328. When a defendant has brought an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of time such that prescription will not have tolled. State v. Rome, 93-1221 (La.01/14/94), 630 So.2d 1284.
The two-year time limit is suspended when a defendant files a preliminary plea. La.C.Cr.P. art. 580; State v. Brooks, 505 So.2d 714 (La.1987). Where the prescription is suspended, the relevant period is not counted toward the two-year time limitation. State v. Harris, 29,574 (La.App. 2d Cir.05/07/97), 694 So.2d 626. The suspension lasts from the time that the defendant's preliminary plea is filed until the court rules thereon. State v. Cranmer, 306 So.2d 698 (La.1975).
In the present case, Defendant filed a motion to suppress evidence on August 22, 1996. A motion to suppress is a preliminary plea which suspends the two-year time limit. The trial court never ruled on the motion (in fact, it was never heard); therefore, the two-year time period was suspended on August 22, 1996, and it did not ever begin to run again. Defendant's motion to quash was properly denied.
In the instant case, bills of information were filed on March 4, 1998. Defendant never pled to these bills; however, La. C.Cr.P. art. 555 states that "[A] failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty." (Emphasis added). In fact, in this case, defendant prematurely pled not guilty and asked that his motions be continued.
In Duncan I, the panel quoted State v. Elfert, 175 So.2d 826, 247 La. 1047 (1965), that "[a] preliminary plea within the meaning and contemplation of this article [La. R.S. 15:7.10][3] is any plea filed after the prosecution is instituted and before the trial that causes the trial to be delayed." State v. Duncan, supra at 330. However, Elfert and other cases cited by the Duncan court involved motions filed after institution of prosecution and involved the issue of whether these pleadings were the type of motion that would suspend prescription.
It stands to reason that if a motion's prematurity is cured when the bill of information is subsequently filed, then there is no reason why at this point the motion should not also suspend the running of prescription for bringing the case to trial. Thus, when the premature motion is cured by the filing of the bill, it becomes a "preliminary plea" for purposes of La. C.Cr.P. art. 578. The panel in Duncan I cited only State v.. Creel, 525 So.2d 734 (La.App. 1st Cir.1988), for the proposition that a motion filed before the institution of prosecution will not suspend prescription after the institution of prosecution. However, the motion in Creel was filed and ruled upon before prosecution was instituted by the filing of the bill of information. In that case, the motion for a preliminary examination could not suspend *322 the prescriptive period because it had not yet even commenced. State v. Creel, supra, at 735, note 2.
The principle that a prematurely filed motion can be cured by subsequent prerequisite acts is not uncommon. See Overmier v. Traylor, 475 So.2d 1094 (La.1985); Hanson v. Perkins, 484 So.2d 705 (La.App. 1st Cir.1985).
In the instant case, the bills of information were filed on March 4, 1998. At the prior February 18, 1997, hearing, defendant acknowledged that he had pending motions. Those motions were continued to be "refixed." At no time between February 18, 1997, and March 4, 1998, did defendant move to dismiss those pending motions. Accordingly, if any of the pending motions were premature prior to March 4, 1998, this defect was cured by the institution of prosecution on that day when the bills of information were filed.
Obviously a motion filed before formal institution of prosecution cannot suspend the prescriptive period for bringing a defendant to trial because the prescriptive period has not begun to run. Additionally, such motions are subject to dismissal by either party. On the other hand, if the motions have not been dismissed when prosecution is instituted by the filing of a bill of information or by indictment, then the defect of prematurity is cured and the motions become preliminary pleas. When prescription is suspended, the relevant period is not counted toward the two-year time limitation. The suspension lasts until the court rules thereon. State v. Cranmer, 306 So.2d 698 (La.1975); State v. Pratt, supra.
We reverse the Duncan cases to the extent that they hold that pending motions to suppress do not become preliminary pleas after prosecution has been instituted. Under our internal rules such a reversal of a prior decision requires consideration by the full court.
In the instant case, defendant filed several motions, including two motions to suppress, prior to the institution of prosecution. These motions were passed on February 18th to be refixed when defendant waived formal arraignment and pled not guilty to the two charges of attempted second degree murder and possession of a firearm in a business serving alcoholic beverages. Defendant never moved to dismiss or to refix the hearings on these motions. Certainly, defendant would not be denied the right to be heard on these motions to suppress after the bills were filed. These motions would carry forward without having to be refiled. Thus, the motions to suppress became viable preliminary pleas after the bills of information were filed for purposes of La.C.Cr.P. art. 578 and the running of prescription was suspended. Accordingly, the trial court erred when it granted defendant's motion to quash. For this reason, the judgment of the trial court is reversed and the case is remanded to the district court for trial.
REVERSED AND REMANDED.
Judge WILLIAMS is recused.
NORRIS, C.J., dissents with written reasons.
STEWART, J., dissents for reasons assigned by C.J. NORRIS.
CARAWAY, J., dissents for reasons assigned by C.J. NORRIS.
NORRIS, Chief Judge, dissenting.
I respectfully dissent, seeing no reason to abandon the rationale of State v. Duncan, 29,896 (La.App. 2 Cir. 10/29/97), 702 So.2d 328, and State v. Duncan, 33,971 (La.App. 2 Cir. 11/03/00), 771 So.2d 254. These cases are sound as a question of law and as a matter of practice. Preliminary *323 pleas filed by a defendant prior to the institution of prosecution do not suspend prescription under La.C.Cr.P. art. 580. Such preliminary pleas are in fact premature, and to suspend the two-year prescriptive period, the record must reflect that the defendant re-urged them after prosecution was instituted.
The majority advances the novel theory that the filing of a preliminary plea before the institution of prosecution will suspend art. 578 prescription, thereby overruling State v. Duncan and State v. Duncan, supra. However, prescription cannot be suspended before it starts to run. The majority tempers this conclusion by stating, "The principle that a prematurely filed motion can be cured by subsequent prerequisite acts is not uncommon." While this is true in the civil cases cited, the majority cannot identify any "prerequisite act" that "cured" Oliver's premature motion. Rather, it concludes that the State's failure to act for over two years is enough to salvage its untimely bill of information.
I agree that if the defendant re-filed his motion, this would suspend the prescriptive period. However, I cannot support the conclusion that if the State does nothing, it is entitled to the benefit of suspending prescription. This conclusion is at odds with arts. 578 and 580, as well as the jurisprudential presumption that prescription has not been suspended. State v. Morris, 99-3235 (La.02/18/00), 755 So.2d 205.
For these reasons, I respectfully dissent from the majority's opinion and would affirm the trial court's ruling, sustaining the motion to quash on grounds of prescription.
NOTES
[1] A third bill of information was filed in connection with the same incident charging a misdemeanor, possession of a firearm on the premises of an alcoholic beverage outlet. The motions to quash included only the two attempted murder charges.
[2] In Duncan I, a panel from this court ruled that motions or "preliminary pleas" filed prematurely, that is, before the state has instituted prosecution, are not preliminary pleas and, therefore, do not suspend the running of the two-year time limitation for bringing a case to trial under La.C.Cr.P. article 578. This court found that the state had failed to bring defendant to trial within the required two years and that the bill of information should have been quashed.

In State v. Duncan, 33,971 (La.App. 2d Cir. 11/03/00), 771 So.2d 254 (Brown, J., dissenting) (hereinafter "Duncan II"), a panel from this court, following its holding in Duncan I, held that preliminary pleas or motions, including motions to suppress evidence which are filed before indictment, do not interrupt or suspend the period of limitations for bringing a defendant to trial after prosecution is initiated.
Incidentally, the instant case involves the same assistant district attorney and defense attorney who were involved in Duncan I & II.
[3] La.R.S. 15:7.10 is the source of La.C.Cr.P. art. 580.