748 So.2d 25 (1999)
STATE of Louisiana, Appellee,
v.
Melvin W. PRATT, Appellant.
No. 32,302-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*27 Louisiana Appellate Project by Amy C. Ellender, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Clifton Davis, Tommy J. Johnson, Asst. Dist. Attys., Counsel for Appellee.
Before WILLIAMS, PEATROSS & DREW, JJ.
PEATROSS, J.
On May 13, 1996, Defendant was charged by bill of information with driving while intoxicated-fourth offense. On September 15, 1998, after a bench trial, Defendant was found guilty as charged and was sentenced to ten years at hard labor. Defendant now appeals, urging seven assignments of error.[1] For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
On January 11, 1996, Officer K.R. Smith observed a black male driving a dark colored car in a residential area at approximately 20 miles an hour over the speed limit. Officer Smith and Defendant were traveling in opposite directions. Officer Smith locked the radar on the car, turned around and pursued it. Officer Smith lost sight of the car as it rounded a corner; but, as he rounded the same corner a few seconds later, he observed Defendant standing by the car in a driveway. Officer Smith made contact with Defendant in the driveway and asked him for his driver's license. Defendant told Officer Smith that his license was suspended.
Officer Smith smelled alcohol on Defendant's breath, noticed a sway in his walk and his slurred speech and red eyes. Defendant admitted to Officer Smith that he had been drinking. Defendant also admitted that he had been driving the car. Defendant was advised of his rights and asked to perform some field sobriety tests. After observing Defendant's performance in the field sobriety tests, Officer Smith transported Defendant to selective enforcement for an Intoxilyzer test. Defendant submitted to the test, the result of which was .219 grams percent blood alcohol.
On May 13, 1996, Defendant was charged by bill of information with driving while intoxicated-fourth offense. On April 12, 1996, Defendant filed a motion to quash a prior 1992 guilty plea, which was subsequently denied. On August 22, 1996, Defendant filed a motion to suppress evidence alleging that Defendant's statements about his drinking and driving were not voluntary because of his intoxication. It is not apparent from the record whether the trial court ever heard or ruled on the latter motion. On December 19, 1997, Defendant's attorney made an oral motion to withdraw. The request was granted and the case was reset for January 9, 1998, at which time Defendant indicated that he could not afford an attorney and an attorney from the indigent defender's office was appointed to represent him. The case was *28 reset for February 13, 1998. As previously stated, Defendant was tried and convicted on September 15, 1998.

DISCUSSION

Assignment of Error No. 4: Sufficiency of the evidence
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if the rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347.
La.C.Cr.P. art. 821 provides that a motion for post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. This is a question of legal sufficiency. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992). This court's authority to review questions of fact in a criminal case is limited to sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984).
After careful review of the record before us, we find sufficient evidence to support Defendant's conviction; and, therefore, Defendant's motion for post-judgment acquittal and motion for new trial were properly denied by the trial court. As previously described, Officer Smith observed Defendant driving a dark colored car in a residential area at approximately 20 miles an hour over the speed limit. After rounding a corner, Officer Smith made contact with Defendant standing next to the car in a driveway. Defendant told Officer Smith that he had been drinking and he also admitted he had been driving the car. Officer Smith noticed alcohol on Defendant's breath, a sway in Defendant's walk and Defendant's slurred speech and red eyes. Defendant was advised of his rights, asked to perform some field sobriety tests and subsequently registered a .219 on the Intoxilyzer. The evidence is clearly sufficient to support Defendant's conviction.

Assignment of Error No. 1: Denial of motion to quash
Defendant asserts that the trial court erred in denying his motion to quash the bill of information because the trial did not commence within two years from the institution of prosecution. Trial of a noncapital felony case must be held within two years from the date of institution of prosecution. La.C.Cr.P. art. 578(2). A prosecution is instituted upon the finding of an indictment or the filing of a bill of information, or affidavit, which is designed to serve as the basis of a trial. In this case, prosecution was instituted by bill of information on April 15, 1996. The State, therefore, had until April 15, 1998, to bring Defendant to trial unless it could show that there was an interruption or suspension of the time limit. La.C.Cr.P. arts. 579 and 580.
A motion to quash is the proper vehicle to assert that the time limitation for the commencement of trial is untimely. La.C.Cr.P. art. 532(7); State v. Duncan, 29,896 (La.App.2d Cir.10/29/97), 702 So.2d 328. When a defendant has brought an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of time such *29 that prescription will not have tolled. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284.
The two-year time limit is suspended when a defendant files a preliminary plea. La.C.Cr.P. art. 580; State v. Brooks, 505 So.2d 714 (La.1987). Where the prescription is suspended, the relevant period is not counted toward the two-year time limitation. State v. Harris, 29,574 (La. App.2d Cir.5/7/97), 694 So.2d 626. The suspension lasts from the time that the defendant's preliminary plea is filed until the court rules thereon. State v. Cranmer, 306 So.2d 698 (La.1975).
In the present case, Defendant filed a motion to suppress evidence on August 22, 1996. A motion to suppress is a preliminary plea which suspends the two-year time limit. The trial court never ruled on the motion; therefore, the two-year time period was suspended on August 22, 1996, and it did not ever begin to run again. Defendant's motion to quash was properly denied.

Assignment of Error No. 2: Denial of motion to suppress
It does not appear from the record that the motion to suppress was denied. There is nothing in the case minutes that indicates a motion to suppress hearing was held and the record does not contain an order on the motion. At trial, Defendant did not indicate that there was an outstanding motion to suppress.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. State v. Hamilton, 594 So.2d 1376 (La. App. 2d Cir.1992).
State v. Woodfox, 291 So.2d 388 (La. 1974). In this case, Defendant did not object or raise the issue of his pending motion to suppress on the day of the trial. Defendant's failure to do so constituted waiver of the objection.
Under this assignment of error, Defendant argues ineffective assistance of counsel for counsel's failure to pursue the motion to suppress. Defendant's Assignment of Error No. 7 asserts this same ineffective assistance argument; and, therefore, that issue is addressed infra, in our discussion of that assignment.

Assignment of Error No. 5: Failure to quash the 1992 predicate offense
On April 12, 1996, Defendant filed a motion to quash a prior guilty plea contending that his 1992 plea of guilty to DWI could not be used to enhance the present DWI charge. Defendant asserts that the 1992 guilty plea may not be used for enhancement because the guilty plea transcript does not indicate that he understood the nature and the consequences of the charge. On July 30, 1996, the trial court entered an order denying his motion to quash.
The record before this court does not contain a copy of the 1992 guilty plea transcript. On February 10, 1999, Defendant made a motion to supplement the record requesting permission to add the 1992 guilty plea transcript to the record. On March 4, 1999, this court entered an order denying Defendant's motion. As such, there is no evidence to review because the 1992 guilty plea transcript is not part of the record. This court will not consider references to evidence that are not part of the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La. 1991). Defendant, therefore, has failed to carry his burden and this assignment of error is without merit.

Assignment of Error No. 6: Failure to comply with La.C.Cr.P. art. 894.1 at sentencing
The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of *30 the factual basis for a sentence is the goal of article 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant was sentenced to ten years at hard labor without the benefit of probation, parole or suspension of sentence. The sentencing range for a fourth offense DWI is from 10 to 30 years and a fine of $5,000. La. R.S. 14:98(E)(1). While there is not a detailed discussion of the factors the trial court considered before sentencing Defendant, the trial judge did recognize that Defendant was on probation for his fourth DWI offense. Thus, the present DWI is really a fifth DWI conviction. It is apparent from the record that the trial court did take into consideration Defendant's criminal history of DWIs. Our review of the record reveals an adequate factual basis for the sentence imposed.

Assignment of Error No. 7: Ineffective assistance of counsel
As a general rule, a claim for ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. This is because PCR creates the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Green, 27,652 (La. App.2d Cir.1/24/96), 666 So.2d 1302, writ denied, 97-0504 (La.10/31/97), 703 So.2d 14. When, however, the record is sufficient, we may resolve this issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982).
The right of a defendant in a criminal proceeding to effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffective assistance of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, a defendant must first show that counsel's performance was deficient. This requires a showing that the counsel made errors so serious that he was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. The relevant inquiry is whether counsel's representation fell below the standards demanded for attorneys in criminal cases. Strickland, supra, State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991). The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. Moore, supra.
Second, a defendant must show that counsel's deficient performance prejudiced his defense. This element requires a showing of errors so serious as to deprive a defendant of a fair trial, a trial whose result is reliable. Strickland, supra. A defendant must prove actual prejudice before relief will be granted. It is not sufficient for a defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9.
In the present case Defendant urges counsel was ineffective for failing to pursue a motion to suppress that was filed on Defendant's behalf. Defendant's assertion *31 of an ineffective assistance claim is without merit. Defendant argues that he was so highly intoxicated that it rendered his statement involuntary. The trial transcript, however, reveals that Defendant was not so highly intoxicated as to render him unable to function. Rather, Defendant spoke clearly enough that the arresting officer could understand most of what Defendant said and Defendant was also able to perform well on some of the field sobriety tests, including walking on a line. On this record, we cannot say that trial counsel's failure to pursue the motion to suppress was constitutionally deficient assistance of counsel. Finally, even assuming Defendant's attorney was deficient for failing to pursue the motion to suppress or object to the admission of the statements at trial, considering the facts of this case, Defendant has failed to establish that his defense was prejudiced.

CONCLUSION
For the reasons stated herein, Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Assignment of Error No. 3 is abandoned on appeal by Defendant.