JjDREW, J.
The state charged defendant, Stanley, with four counts of distribution of cocaine, each count being a violation of La. R.S. 40:967, punishable by imprisonment for not less than five years nor more than thirty years, the first five years of which must be served without benefits, plus a fine. The state agreed to dismiss three of the four counts in exchange for defendant’s guilty plea to the remaining count. The district court imposed a sentence of ten years at hard labor, the first five of which are to be served without benefits, as per statute. The court later denied a timely motion for reconsideration of sentence. Defendant argues that his sentence is excessive. We affirm.
The matters of record show that on four separate occasions during 1999, defendant *385 made sales of cocaine to a confidential informant in the Minden area. Each of the sales involved six to twelve grams of cocaine. Defendant pleaded guilty only to the distribution which occurred on March 2, 1999. The crime lab verified that all the suspect substances were cocaine.
On appeal, defendant urges that his sentence is excessive. He contends that he should have been given a lesser sentence because his “co-arrestees” received lesser sentences. In support of that argument, appellate defense counsel has appended to his brief various exhibits, none of which are within the official record on appeal. Neither the court minutes nor the bill of information nor the presentence investigation report indicate the presence of any “co-defendants” in this matter.
This court will not consider references to “evidence” which is not part of the record on appeal. State v. Pratt, 32,-302 (La.App.2d Cir.9/22/99), 1,748 So.2d 25.
The test imposed by a reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). Our examination of the record indicates the trial court adequately stated its reasons for sentence.
Whether the sentence imposed is too severe depends upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not |sset aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the district court considered a PSI and noted that defendant had a previous conviction for middle grade theft. The court then discussed the facts of the case, observing that during one of the drug transactions, defendant had a child with him who was under the age of six. The court determined that the middle-range quantities of controlled dangerous substances involved in each sale made this a serious offense. Defendant, a 32-year-old high school dropout, had been employed previously. He has four children from a prior marriage and two children from a prior relationship. His plea bargain secured the dismissal of three charges. In mitigation, the court noted defendant was cooperative with the police when he was arrested. Finally, the court determined that a lesser sentence would deprecate the seriousness of the crime of conviction.
On this record, we do not find constitutional error. As originally charged, defendant faced a sentencing exposure of no less than 20 years and no more than 120 years at hard labor. He received a substantial *386 reduction in sentencing exposure through his plea bargain which decreased his maximum possible imprisonment to 30 years. The sentence imposed is lawful and is in the lower third of the range available to the district court. It is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence. It is not | constitutionally excessive.
The conviction and sentence are AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, PEATROSS, and DREW, JJ.
Rehearing denied.