830 So.2d 1135 (2002)
STATE of Louisiana, Appellant,
v.
Christopher Scott WARD, Appellee.
No. 36,545-KA.
Court of Appeal of Louisiana, Second Circuit.
November 13, 2002.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Jason Wayne Waltman, Assistant District Attorney, for Appellant.
Bobby D. Sutton, Sr., Shreveport, for Appellee.
Before BROWN, PEATROSS and DREW, JJ.
*1136 BROWN, C.J.
This felony prosecution was instituted against defendant, Christopher Scott Ward, for aggravated second degree battery by an amended bill of information filed on December 16, 1999. After a number of continuances, defendant filed a motion to quash in April 2002, urging that the two year period of limitation for the commencement of trial set forth in La.C.Cr.P. art. 578(2) had passed. The trial court granted defendant's motion and this appeal was taken by the state. For the reasons set forth below, we affirm.

Discussion
In general, for non-capital felony cases, the state must commence trial within two years from the date of institution of prosecution. La.C.Cr.P. art. 578(2); State v. Pratt, 32,302 (La.App.2d Cir.09/22/99), 748 So.2d 25; State v. Harris, 29,574 (La. App.2d Cir.05/07/97), 694 So.2d 626. A prosecution is instituted upon the finding of an indictment or the filing of a bill of information or affidavit. La.C.Cr.P. art. 382; State v. Pratt, supra.
In this case, prosecution was instituted by the amended bill of information filed on December 16, 1999. The state, therefore, had until December 16, 2001, to bring defendant to trial unless it could show that there was an interruption or suspension of the time limit. La.C.Cr.P. arts. 579 and 580; State v. Morris, 99-3235 (La.02/18/00), 755 So.2d 205; State v. Rome, 93-1221 (La.01/14/94), 630 So.2d 1284; State v. Pratt, supra.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La.C.Cr.P. art. 532(7); State v. Pratt, supra; State v. McDonald, 30,854 (La.App.2d Cir.08/19/98), 718 So.2d 542.
In this case, the state relies upon La. C.Cr.P. art. 579(A)(3), which provides that the period of limitation established by article 578 shall be interrupted if the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
The pivotal events occurred between June 26, 2001, and January 18, 2002. The state points out that defendant and his attorney were in court on June 26, 2001, which is when trial was set for September 10, 2001. The court minutes show this to be so. The state then notes that neither defendant nor his attorney appeared in
court on September 10th. The court minutes also reflect this. The September 10th minutes further show that the case was continued until September 13th to obtain a trial date. Although neither defendant nor counsel appeared on that date, the minutes show that the case was continued until September 20th. There is no minute entry for September 20, 2001.
According to the state, defendant's failure to appear on September 10, 2001, was an interruption of the two year prescriptive period which then started anew. See La.C.Cr.P. art. 579(A)(3) and (B). Defendant, however, argues that he and his attorney did not appear in court on September 10th because the prosecutor told them they did not have to appear on that date.
Defense counsel submitted an affidavit and later presented testimony to the court that, after the June 26, 2001 court appearance, he returned to his office and discovered that he had a conflict with the September 10th trial date. That day he called the prosecutor and informed him of the conflict. The prosecutor told counsel that neither he nor his client needed to appear in court on September 10th and that he would reset the matter for trial on October 8, 2001. Defendant and his attorney appeared in court on October 8th; however, the matter was not on the trial docket. Thereafter, in "late 2001," the prosecutor *1137 called defense counsel and advised him that the matter would be on the January 10, 2002, docket to obtain a trial date. On that date, the trial was set for April 22, 2002.
The prosecuting attorney admitted to the court that defense counsel told him of a conflict with the September 10th trial date and "we did discuss moving the case. But we never did any of it" because "defense counsel never filed a formal motion for continuance." The prosecutor denied any agreement that defendant or his attorney would not have to appear in court on September 10, 2001.
The trial court noted that the state has the burden of showing an interruption of the period of limitations. Defense counsel's letter to his client, which informed defendant that the trial had been reset for October 8, 2001, was accepted by the court as evidence that the state's attorney and defense counsel had agreed to actually set the trial for October 8th. Further, the court noted that no bench warrant had been requested as a result of defendant's failure to appear on September 10, 2001. Finding that the prosecution failed to set the case for trial prior to December 16, 2001, the trial court granted defendant's motion to quash.
Considering that no bench warrant was requested by the state and that defendant did not appear with his attorney for trial on October 8th, we cannot say that the trial court was wrong.[1]

Conclusion
For the reasons set forth above, the trial court's ruling is AFFIRMED.
NOTES
[1] The state argues, in the alternative, that the discussion on June 26, 2001, following the court appearance "must be viewed as a request for a continuance by the defendant and his attorney" which suspends the running of the prescriptive period. The purpose of the June 26th court date was to set a trial date. Immediately after defense counsel return to his office and examined his calendar, he talked with the prosecutor and believed that the trial date was to be October 8th. We do not view this as a motion for continuance.