916 So.2d 1274 (2005)
STATE of Louisiana, Appellant
v.
Anderson S. JACKSON, III, Appellee.
No. 40,376-KA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
Rehearing Denied January 19, 2006.
*1275 Jerry L. Jones, District Attorney, Geary Aycock, Assistant District Attorney, for Appellant.
Davenport, Files & Kelly, L.L.P. by Thomas W. Davenport, Jr., Carey B. Underwood, Monroe, for Appellee.
Before BROWN, PEATROSS, and DREW, JJ.
BROWN, C.J.
The state has appealed the trial court's granting of a motion to quash prosecution for failing to timely commence trial. We find that the record does not support an objective basis for the trial court's ruling, and therefore reverse and remand this matter for further proceedings.

Facts
On July 26, 2000, the defendant, Anderson S. Jackson, III, was indicted for malfeasance in office and felony theft. Defendant waived formal arraignment and entered a plea of not guilty on September 11, 2000. Defendant also faced federal charges. An agreement was reached to allow the federal case to proceed first. On December 22, 2000, the parties filed a joint motion to continue until May 21, 2001. The motion waived the running of all applicable trial delay periods.
In May 2001, defendant desired to further postpone the state court proceeding and the parties entered into a written agreement to that end. In order to suspend the running of the period of limitation to bring the case to trial, defendant filed a motion to quash the indictment on May 7, 2001.
Thereafter, defendant's conviction in federal court was overturned. On March 4, 2003, defendant filed a motion in state court for a bill of particulars. Defendant filed a motion for discovery on March 17, 2003.
*1276 On May 14, 2003, the trial court granted defendant's request that his motion to quash filed in May 2001 be overruled. The purpose was to start again the running of the time limitations to bring defendant to trial. The trial court then entertained defendant's motions for a bill of particulars and discovery. The trial court ordered the state to answer the discovery request, but did not expressly rule on the bill of particulars. A new hearing date was set for August 27, 2003.
On August 20, 2003, defendant requested and was granted a continuance and the matter was reset for September 24, 2003. Numerous other continuances were granted. On January 12, 2005, the court set the trial for April 25, 2005, and ordered the state to answer discovery within 30 days.
On February 2, 2005, the state filed a supplemental response to discovery and an answer to the motion for a bill of particulars. On April 12, 2005, defendant filed a motion to quash for failure to timely commence trial. The trial court granted the motion after a contradictory hearing.
It is from this ruling that the state has appealed.

Discussion
For non-capital felony cases, the state must commence trial within two years from the date of institution of prosecution. La. C. Cr. P. art. 578(2); State v. Harris, 29,574 (La.App.2d Cir.05/07/97), 694 So.2d 626. A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. When the defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, 93-1221 (La.01/14/94), 630 So.2d 1284; State v. Caston, 26,415 (La.App.2d Cir.10/26/94), 645 So.2d 1202, writ denied, 94-3137 (La.05/05/95), 654 So.2d 337.
When a defendant files a preliminary plea, such as a motion for a bill of particulars, the time limitation established by La. C. Cr. P. art. 578 is suspended. La. C. Cr. P. art. 580; State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). This suspension lasts only from the time the motion is filed until the district court rules on the motion. State v. Harris, supra. Where prescription is suspended, the relevant period is not counted toward the two year time limitation. After the trial court rules on the motion, the state has a minimum period of one year from the date of the ruling in which to commence trial. La. C. Cr. P. art. 580; State v. Harris, supra.
On May 14, 2003, the trial court heard motions for a bill of particulars and discovery. The trial court ordered the state to answer the discovery request, but did not expressly rule on the bill of particulars. A new hearing date was set for August 27, 2003. The state did not answer the bill of particulars until February 2, 2005.
The pending motion for a bill of particulars suspended the running of the time under La. C. Cr. P. art. 580. The jurisprudence is clear that a motion for a bill of particulars is a pre-trial plea. State v. Brooks, supra. The jurisprudence is also clear that a defendant does not have an automatic right to a bill of particulars, and whether or not a defendant is entitled to the information sought in such a motion and the limitations on the scope of that information are questions left to the discretion of a trial judge. State v. Huizar, 332 So.2d 449 (La.1976); State v. Warren, 29,630 (La.App.2d Cir.09/24/97), 700 So.2d 1297.
The trial court "speculated" that it "cobbled" the issue of the motion for the bill of particulars into the motion for discovery. However, the ruling of a motion *1277 should not be made by implication, leaving both parties to resort to speculation and guesswork. The only safe and objective procedure is to explicitly state on the record which motion is being ruled on by the court.
The state filed its answer to the bill of particulars on February 2, 2005, thus negating the need for a ruling to end the suspension of time. The time between the indictment on July 26, 2000, and defense's filing of motions for discovery and bill of particulars on September 18, 2000, which started the suspension of time, was 54 days. This suspension continued until the state filed its answer on February 2, 2005. From that date until the defense's filing of the motion to quash on April 12, 2005, was 49 days. Thus, 103 days had run on the two year time limitation to initiate trial imposed by La. C. Cr. P. art. 578(2). The trial court's grant of defendant's motion to quash prosecution for failure to timely commence trial in accord with La. C. Cr. P. Art. 578(2) is premature and will be reversed.

Conclusion
For the forgoing reasons, we reverse the trial court's grant of defendant's motion to quash prosecution for failure to timely commence trial and remand for further proceedings.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS, and DREW, JJ.
Rehearing denied.