PITMAN, J.
| ^Defendant Timothy Cardell Thomas was charged with one count of second degree murder in violation of La. R.S. 14:30.1. After a bench trial, he was found guilty as charged and sentenced to life imprisonment without the benefit of probation, parole or suspension of sentence. No motion to reconsider sentence was filed. Gn appeal, Defendant challenges the trial court’s denial of his motion for continuance, filed on July 13,2016. Defendant also challenges the timeliness of his prosecution. For the following reasons, we affirm Defendant’s conviction and sentence.
FACTS
In September 2009, Waco Collins traveled from Shreveport, Louisiana, to Dallas, Texas, to purchase several kilograms of cocaine from a drug dealer. A dispute about the price arose during the transaction, with the dealer demanding several thousand dollars more than the originally *762 agreed-upon price. Instead of paying the higher price, Collins had two of his associates, Gerald Needham and Shannon Gol-ston, rob the dealer and abscond with the drugs. Upon returning to Shreveport, Collins got into a disagreement with Golston over the drugs, and Golston thi-eatened to kidnap and kill Collins. At some point after the disagreement, Collins borrowed a Glock pistol from Defendant.
On September 14, 2009, Collins went to Defendant’s home between 7:30 p.m. and 10:00 p.m. and asked him for a ride. Defendant agreed and drove Collins to a store in his black truck. At the store, Collins and Defendant switched from the truck to a Mustang and, with Defendant still driving, went to Golston’s apartment complex. Upon arriving, Collins ^placed a plastic trash bag over his head, walked into Gol-ston’s apartment and, using the gun he had borrowed from Defendant, shot Gol-ston from behind in his right shoulder and in the head, killing him. Defendant remained in the vehicle during the shooting, but waited for Collins to return before he drove away. After they left the scene of the shooting, Defendant drove Collins to Champion Lake, where Collins threw the gun and the gun magazine into the lake. The police were called to Golston’s apartment complex, but no arrests were made at the time.
The case remained unsolved until 2012, when a suspect in a different homicide informed the police that Defendant and Collins were involved in Golston’s death. Defendant was subsequently arrested and questioned by police. He waived his Miranda rights and confessed his involvement in Golston’s death. Defendant and the police drove to Champion Lake where police divers retrieved the gun. Defendant admitted to owning the gun and stated that he had given it to Collins about a week prior to the shooting. When asked why he helped Collins, he stated that Collins was a childhood friend. Defendant also admitted to knowing that “this day,” i.e., his arrest, would come.
On May 7, 2012, Defendant filed a motion for discovery, bond reduction, preliminary examination and a premature motion for a bill of particulars. On June 11, 2012, Defendant was charged by grand jury indictment with the second degree murder of Golston. The defense did not file a motion to dismiss the earlier premature motion for bill of particulars. On June 19, 2012, after waiving formal arraignment, Defendant pled not guilty. On November 12, 2012, Defendant’s counsel waived any time Isdelays. On May 22, 2014, the state filed an answer to the request for discovery, bill of particulars and notice under La. C. Cr. P. art. 768.
During the course of the prosecution, numerous delays occurred and requests for continuances were filed, including three joint motions for continuance filed on December 22, 2014, February 2, 2015, and February 25, 2016. The trial date was finally set for July 25, 2016. On March 22, 2016, Defendant filed a pro se motion to quash and claimed that the two-year time limit to prosecute had expired.
A hearing was held on June 27, 2016, at which Defendant invoked his right to self-representation and waived his right to a jury trial. The trial court appointed the attorney who had been representing him, David McClatchy, as standby counsel. A hearing was held on the motion to quash, and it was denied.
On July 13, 2016, Defendant filed a motion for continuance and claimed that, in light of his recent decision to represent himself, a continuance was necessary due to the complexity of the case. He alleged there were over 600 pages of discovery, a confession that included significant other-crimes evidence and grand jury testimony *763 that the state moved to disclose because it was potentially exculpatory. He claimed that he was not currently adequately prepared for trial. The motion for continuance was denied.
On July 25, 2016, Defendant filed a motion to suppress, which was denied. He also made an oral motion for continuance, again arguing that the time limit for prosecution had expired, which was á reiteration of the motion decided by the trial court just the previous month. The motion was submitted and denied. Defendant then made an oral motion to allow David RMcGlatchey to represent him as counsel, and the trial court granted that motion.
The bench trial commenced and Defendant was found guilty as charged. A motion for post-verdict judgment of acquittal was filed, and it was denied by the trial court. On July 28, 2016, Defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
The instant appeal followed.
DISCUSSION

Motion for continuance

Defendant argues that the trial court abused its discretion in denying his motion to continue given his decision to represent himself and the complexity of the ease. He states that there are over 600 pages of discovery, a confession that included significant other-crimes evidence and grand jury testimony that the state moved to disclose because it was potentially exculpatory. He contends that, because he was facing an imminent trial for which he was not adequately prepared, he was forced to surrender his right to represent himself and proceed to trial with counsel. He argues that forcing him to proceed to trial with counsel, despite his clearly expressed desire to represent himself, constitutes an abuse of discretion.
- The state argues that the trial court was well within its discretion to deny the motion for continuance. After choosing to represent himself, Defendant had a month to prepare for trial. The state contends that a month to prepare for trial is sufficient and Defendant’s claim that he needed additional time for such a “complex” case is without merit. Several- days prior to trial, the state met with Defendant and explained exactly what it ^planned to present, i.e., four witnesses and his own confession of his part in the shooting. Finally, the state argues that Defendant’s motion to continue was merely a dilatory tactic.
Upon a written motion at any time and after a contradictory hearing, the trial court may grant a continuance, but only upon a showing that such a motion is in the interest of justice. La. C. Cr. P. art, 707; State v. Harris, 44,402 (La. App. 2 Cir. 6/24/09), 20 So.3d 1121, writ denied, 09-2303 (La. 4/23/10), 34 So.3d 271. Additionally, the court has discretion to grant a timely filed motion for a continuance “in any case if there is good ground therefor.” La. C. Cr. P. art. 712. Because the decision to grant or deny a motion for continuance rests within the sound discretion of the trial court, a reviewing court will not disturb the trial court’s determination absent a clear abuse of discretion. State v. Free, 48,260 (La. App. 2 Cir. 11/20/13), 127 So.3d 956, writ denied, 13-2978 (La. 5/30/14), 140 So.3d 1174. The denial of a motion for continuance on the ground of counsel’s lack of preparedness does not warrant a reversal unless- counsel demonstrates specific prejudice resulting from the denial or the preparation time is so minimal as to call into question the basic fairness of the proceeding. State v. Snyder, 98-1078 (La. 4/14/99), 750 So.2d 832.
*764 The Sixth Amendment to the U.S. Constitution, as well as La. Const. art. I, §. 13, guarantee the accused in a criminal proceeding the right to assistance of counsel for his defense. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. Carpenter, 390 So.2d 1296 (La. 1980); State v. Shumaker, 40,275 (La. App. 2 Cir. 10/28/05), 914 So.2d 1156.
 |f,As a general proposition, a person accused in a criminal trial has the right to counsel of his ■ choice. La. Const. art. I, § 13; State v. Leggett, 363 So.2d 434 (La. 1978); State v. Anthony, 347 So.2d 483 (La. 1977). The defendant in a criminal trial may not, however, by a last-minute change of counsel, force a postponement. State v. Moore, 40,311 (La. App. 2 Cir. 1/13/06), 920 So.2d 334, writ denied, 06-2267 (La. 6/1/07), 957 So.2d 167; State v, Leggett, supra; State v. Anthony, supra. The Louisiana Supreme Court has frequently upheld the trial court’s denial of motions for continuances or withdrawal of counsel made on the day of trial when the defendant is dissatisfied with his present attorney, but had ample opportunity to retain private counsel. State v. Moore, supra; State v. Leggett, supra; State v. Anthony, supra. Generally, a reviewing court will not reverse a conviction even on a showing of an improper denial of a motion for a continuance, absent a showing of specific prejudice. State v. Free, supra.
The trial court did not abuse its discretion by denying Defendant’s motion for continuance because granting it was neither in the interest of justice, nor was it necessary for additional preparation. A review of the record shows that Defendant’s case had been pending for four years at the time he elected to represent himself. The case was set for trial on five separate occasions prior to actually commencing on July 25, 2016; and, in at least three of those instances, trial was upset due to joint motions for continuance.
On June 27, 2016, after Defendant invoked his right to self-representation, the trial court appointed Defendant’s former counsel to operate as his standby counsel and informed Defendant that the trial was set for July 25, 2016. Instead of requesting a continuance during that hearing, [^Defendant elected to wait until July 11, 2016, approximately two weeks before trial, to request a continuance, .claiming additional time was needed to adequately prepare. ...
We find Defendant’s claim that , he needed additional time for trial preparation to be without merit. Prior to commencing trial, the state met with him to explain which witnesses it intended to call and what evidence it would present at trial. Such evidence included two taped confessions he made to police after knowingly and voluntarily waiving his Miranda rights. The state also eliminated certain extraneous witnesses, as well ás one police interview containing other-crimes evidence, in an effort to simplify the case and accommodate his pro se status. Although Defendant claims he had less than 30 days to prepare for trial, in reality, he has spent the last four. years preparing for trial. Importantly, he was not alone in his preparation. The stand-by counsel appointed by the trial court to assist him was his former counsel who had handled the case since the institution of prosecution in 2012 and was very familiar with the facts of the case and the evidence.
Given the length of time his case had been pending and Defendant’s previous attempt to quash his prosecution, it appears the motion for continuance was a dilatory tactic. Further, Defendant failed to show he suffered specific prejudice from the denial, and the evidence against him was overwhelming. For these reasons, there *765 was no abuse of the trial court’s discretion in its denial of Defendant’s motion for continuance. This assignment of- error lacks merit.

IsMotion to quash

In his pro se brief, Defendant argues that the trial court erred when it failed to require the state to establish that the ease was brought to trial within the two-year time limitation found in La. C. Cr. P. art. 578(A)(2). He contends that, by the time of the trial, more than two years had passed since the institution of prosecution against him. As previously stated, he raised this issue in a pretrial motion to quash, which was denied after a hearing held on June 27, 2016. On July 25, 2016, he once again raised this issue orally, reurging that the two-year time limit had passed within which the state had to bring his case to trial. The trial court upheld its previous ruling.
A motion to quash is the proper procedural vehicle when a defendant alleges that the time limitation for the commencement of trial has expired. La. C. Cr. P. art. 532(7); State v. Barnett, 50,213 (La. App 2 Cir. 8/12/15), 174 So.3d 748.
When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears-a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. State v. Morris, 99-3235 (La. 2/18/00), 755 So.2d 205; State v. Lathan, 41,855 (La. App. 2 .Cir. 2/28/07, 953 So.2d 890, writ denied, 07-0805 (La. 3/28/08), 978 So.2d 297. An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute. State v. Barnett, supra. Once the cause of the interruption disappears, the time limit begins anew. La. C. Cr. P. art. 579(B). Time limits are suspended when a defendant files a motion to quash or other preliminary plea. La. C. Cr. P. art. 580. When the |flprescriptive period is suspended, the relevant period is not counted, and the running of the time limit resumes-when the court rules on the motions. State v. Barnett, supra.
Appellate courts apply an abuse of discretion standard in reviewing a district court’s ruling on a motion to quash. State v. Love, 00-3347 (La. 5/23/03), 847 So.2d 1198; State v. Stanley, 49,683 (La. App. 2 Cir. 1/14/15), 161 So.3d 1034.
After the trial court rules on the motion, the state has either the remainder of the time limitations or a minimum period, of one year from the date of ruling in which to commence trial, whichever time is longer. La. C. Cr. P. art. 580; State v. Jackson, 40,376 (La. App. 2 Cir. 12/14/05), 916 So.2d 1274, writ denied, 060442 (La. 9/22/06), 937 So.2d 376.
La. C. Cr. P. arts. 578 and 580 govern the running of time within which a defendant must be brought to trial. La. C. Cr. P. art. 578(A)(2) provides that the trial of non-capital felonies must be held within two years from the date of the institution of prosecution. “Institution of prosecution” means the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial. La. C. Cr.,P. art. 934(7).
The purpose of La. C. Cr. P. art. 578 is to enforce a defendant’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Rome, 93-1221 (La. 1/14/94), 630 So.2d 1284; State v. McDonald, 30,854 (La. App. 2 Cir. 8/19/98), 718 So.2d 542. When a defendant files a preliminary plea, however, the two-year time period established by La. C. Cr. P. art. 578 is suspended. La. C. Cr. P. art. 580.
*766 | inFor purposes of La. C. Cr. P. art. 580, a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, which includes motions to quash, motions to suppress, applications for discovery, bills of particulars and motions for continuances. State v. Allen, 03-2815 (La. 4/23/04), 871 So.2d 1097; State v. Lathan, supra. A suspension lasts from the date a qualifying motion is filed until the date the trial court rules on the motion and that relevant time period is not counted toward the two-year time limitation. State v. Lathan, supra. After the trial court rules on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. La. C. Cr. P. art. 580; State v. Lathan, supra; State v. Jackson, supra.
In State v. Oliver, 34,292 (La. App. 2 Cir. 5/9/01), 786 So.2d 317, this court found:
Obviously a motion filed before formal institution of prosecution cannot suspend the prescriptive period for bringing a defendant to trial because the prescriptive period has not begun to run. Additionally, such motions are subject to dismissal by either party. On the other hand, if the motions have not been dismissed when prosecution is instituted by the filing of a bill of information or by indictment, then the defect of prematurity is cured and the motions become preliminary pleas. When prescription is suspended, the relevant period is not counted toward the two-year time limitation. The suspension lasts until the court rules thereon. State v. Cranmer, 306 So.2d 698 (La.1975); State v. Pratt, 32,302 (La. App. 2 Cir. 9/22/99), 748 So.2d 25.
In State v. Jackson, supra, this court expanded its holding in Oliver, supra, by finding that the filing of the state’s answer to an outstanding motion for bill of particulars negated the trial court’s need for ruling on the motion, and suspension of the prescriptive period ends upon the filing of said answer.
| nIn the case sub judice, Defendant was charged with second degree murder, a non-capital felony. Because the prosecution in this case was instituted on June 11, 2012, the state had two years, until June 11, 2014, in which to go to trial, unless the time limits were interrupted or suspended.
A review of the record for timeliness issues shows that several events occurred to suspend the running of the two-year time limitation. First, a premature motion for bill of particulars, filed on May 7, 2012, immediately suspended the running of prescription because the defense did not dismiss the premature motion after the filing of the grand jury indictment. Failure to dismiss the motion after institution of prosecution cured the defect of prematurity and suspended prescription upon the filing of the indictment. This suspension could not end until either the trial court ruled upon the motion or the state filed a response, whichever occurred first. The state filed an answer on May 22, 2014, and the running of prescription resumed. As a result of this suspension, prescription in this case did not begin to run until May 22, 2014, giving the state until May 22, 2016, to begin Defendant’s trial.
Second, three joint motions for continuance, filed on December 22, 2014, February 2, 2015, and February 25, 2016, respectively, also extended the state’s time to bring the case to trial. As previously noted, after the trial court rules on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. Therefore, the thud joint motion provided the state with at least another *767 year, until February 25, 2017, to bring the case to trial. The trial was held on July 25, 2016, well within the two-year time limitation to try the case.
|12A reading of the transcripts from the hearings held on June 27, 2016, and July 25, 2016, demonstrates that the trial court was familiar with the facts of the case and was correct in denying Defendant’s motions to quash for timeliness.
This assignment of error is also without merit.

Errors Patent

An error patent review reveals that the trial court failed to state on the record at the sentencing hearing that Defendant’s sentence for second degree murder was to be served at hard labor. Because La. R.S. 14:30.1 requires that the sentence be served at hard labor, allowing no discretion to the trial court, the trial court’s omission was harmless error and requires no corrective action. State v. Modisette, 50,846 (La. App. 2 Cir. 9/28/16), 207 So.3d 1108.
Finally, Defendant was not properly advised of the delays within which to apply for post-conviction relief. We now advise Defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. art. 930.8. State v. Smith, 50,342 (La. App. 2 Cir. 1/13/16), 184 So.3d 241.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Timothy Thomas, are affirmed.
AFFIRMED.