# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-696

**STATE OF LOUISIANA**

**VERSUS**

**CALVIN JAVONTAE DSHAWN POWELL**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-155994
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CANDYCE G. PERRET**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Jeffrey M. Landry**
**Louisiana Attorney General**
**J. Taylor Gray**
**Assistant Attorney General**
**Winston White**
**Assistant Attorney General**
**Jeff W. Traylor**
**Assistant Attorney General**
**Colin Clark**
**Assistant Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA   70804**
**(225) 326-6200**
**COUNSEL FOR APPELLANTS:**
      **Attorney General for the State of Louisiana**

**Alfred Frem Boustany, II**
**Post Office Box 4626**
**Lafayette, LA   70502**
**(337) 261-0225**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Calvin Javontae Dshawn Powell**

**J. N. Prather, Jr.**
**Assistant District Attorney**
**100 N. State St. Suite 215**
**Abbeville, LA   70510**
**(337) 898-4320**
**COUNSEL FOR OTHER APPELLEE:**
      **Lafayette Parish Sheriff's Office**

**PERRET, Judge.**

On July 27, 2016, the State of Louisiana filed a bill of information charging Defendant, Calvin Javontae Dshawn Powell, with malfeasance in office, a violation of La.R.S. 14:134; conspiracy to commit obstruction of justice, a violation of La.R.S. 14:26 and La.R.S. 14:130.1; and conspiracy to intimidate witnesses, a violation of La.R.S. 14:26 and La.R.S. 14:129.1. An amended bill of information was filed on February 26, 2019, charging Defendant with malfeasance in office; attempted obstruction of justice, a violation of La.R.S. 14:27 and La.R.S. 14:130.1; and attempted intimidation of witnesses, a violation of La.R.S. 14:27 and La.R.S. 14:130.1.

On June 25, 2019, Defendant filed a Motion to Quash alleging that the time limitation to commence trial had expired, which the trial court granted. The State now appeals arguing that the trial court erred in granting Defendant's Motion to Quash. For the following reasons, we affirm.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. The present appeal was filed by the State seeking review of the trial court's granting of the Defendant's Motion to Quash. This court has found that an error patent review is required in such cases. *State v. Nguyen*, 14-639 (La.App. 3 Cir. 11/5/14), 150 So.3d 562, *State v. Jones*, 13-395 (La.App. 3 Cir. 11/6/13), 130 So.3d 1, *State v. Brignac*, 10-276 (La.App. 3 Cir. 10/6/10), 49 So.3d 960. After reviewing the record, we find no errors patent.

**ASSIGNMENT OF ERROR:**

In its sole assignment of error, the State contends that the trial court erred by granting the Defendant's Motion to Quash. In *State v. Gray*, 16-687, pp. 3-4 (La.

3/15/17), 218 So.3d 40, 43 (internal citations omitted), the Louisiana Supreme Court addressed the applicable standard of review when reviewing a judgment on a motion to quash:

> Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. However, the trial court's legal findings are subject to a de novo standard of review.

In *State v. Duraso*, 12-1463, 12-1465, pp. 3-5 (La.App. 3 Cir. 12/11/13), 127 So.3d 1015, 1019, *writs denied*, 14-50, 14-74 (La. 6/20/14), 141 So.3d 286 (alteration in original) (footnote omitted), this court addressed the statutory time limitations to commence a trial:

> With regard to limitations upon trial, La.Code Crim.P. art. 578 provides, in pertinent part that:
>
> > A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
> >
> > . . . .
> >
> > (2) In other felony cases after two years from the date of institution of the prosecution[.]
>
> In the event the above limitations have expired, Article 581 provides that "the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial."
>
> However, La.Code Crim.P. art. 580 provides that certain occurrences will suspend the two-year limitation as follows:
>
> > A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
>
> As used in Article 580(A), "a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial." *State v. Brooks*, 02-0792, p. 6 (La.2/14/03), 838 So.2d 778, 782.

2

"These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars." *Id.* Additionally, and significantly in this case, "[j]oint motions for a continuance fall under the same rule." *Id.* When the defendant raises the issue of untimely prosecution, as in this case, the "state has a heavy burden of justifying an apparently untimely commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended." *State v. Joseph*, 93-2734 (La.6/3/94), 637 So.2d 1032.

In this case, Defendant was charged by bill of information filed on July 27, 2016. Thus, the State had until July 27, 2018, to commence trial. The Defendant had not proceeded to trial at the time his Motion to Quash was filed on June 25, 2019. Accordingly, his Motion to Quash was facially meritorious.

In order to determine whether a suspension of the time limitation occurred in this case, we must consider the motions made by Defendant. On December 1, 2016, Defendant was present for a pretrial conference. Counsel for Defendant informed the court that "we" move that the pretrial be continued to March 9, 2017.

On December 8, 2016, a "Motion for Discovery and Inspection, Request for Notice, and Motion for Hearing on Admissibility of Expert Testimony (Pursuant to C.Cr.P. Articles 716-722; 729-729.7; 521(C)-Time to Respond)" was filed. The attached order was signed on December 12, 2016, but no hearing date was set. The State filed its answers to discovery in the record on December 29, 2016, which noted a policy of open file discovery by the District Attorney's Office.

On March 9, 2017, Defendant was present for a pretrial. Counsel for Defendant asked that the pretrial be continued to the next pretrial date, which was June 15, 2017. On June 15, 2017, Defendant filed a motion to recuse the District Attorney's Office, which was granted the same day. The pretrial conference set for that day was reset for November 2, 2017.

On November 2, 2017, there was a joint motion to continue the pretrial to March 22, 2018. On March 22, 2018, the pretrial was continued, on joint motion,

to August 30, 2018.[1] On March 26, 2018, the State filed a Motion to Continue the pretrial conference set for March 22, 2018.

The minutes of August 30, 2018 indicate that, on motion of Defendant, the pretrial was reset for November 8, 2018. However, the transcript of that date states: "Not on the docket. Reset for November 8, 2018." On November 8, 2018, the pretrial was reset, on motion of Defendant, for February 21, 2019. The Attorney General's office was not present. The Attorney General's answer to discovery was filed on December 17, 2018.

On January 7, 2019, the State filed a motion to have the matter set for trial on June 24, 2019. The motion was granted on January 11, 2019. The February 21, 2019, minutes read: "On motion of the state and defense, and order of the court, the pretrial was continued to a motions date of 5/16/19." There was no indication the Attorney General's Office was present.

An amended bill of information was filed on February 26, 2019.

In March 2019, Defendant requested the clerk's office issue subpoenas. On April 3, 2019, Defendant filed a "Motion and Order to Set Aside Motion Date" of May 16, 2019, as there were no outstanding motions. The motion was granted on April 9, 2019. The minutes of May 16, 2019, state that, per Defendant's request, the "matter was removed from the docket due to no outstanding motions."

On June 24, 2019, witness Whitney Living was served in open court for trial, and trial was reset for June 25, 2019. The transcript of the proceeding indicates that the parties discussed prescription in a status conference held earlier that day.

---

[1] We note that on March 22, 2018, the State was represented by Assistant District Attorney Alan Haney despite the fact that a motion to recuse the District Attorney's Office was granted on June 15, 2017, and the Attorney General's Office filed a letter on September 18, 2017, stating it accepted appointment in the matter and an assistant attorney general made an appearance in the matter on November 2, 2017.

On June 25, 2019, Defendant's Motion to Quash was filed. Therein, Defendant asserted the State did not move to set a trial date until January 7, 2019, and, by then, the time for trying the case had expired. Moreover, Defendant filed no motion or other preliminary plea that had the effect of delaying trial. Defendant asserted that the State may argue the continuing of pretrial conferences acted as preliminary pleas, but that the supreme court rejected that argument in *State v. Brooks*, 02-792 (La. 2/14/03), 838 So.2d 778.

At the hearing on the Motion to Quash, Defendant noted the time to bring him to trial had lapsed. Moreover, the continuance of status conferences had no effect on the trial date in this case. Defendant then discussed *Brooks*, 838 So.2d 778. Therein, the defendant argued the resetting of a status conference was not the equivalent of granting a continuance of trial, particularly in a case in which the State had not set a trial date until nearly three-quarters of the prescriptive period had already elapsed. The supreme court addressed the issue, stating:

> We agree with respondent to the extent that the resetting of status conferences may have no impact on a trial date and should therefore not invariably provide the state with an additional year in which to bring the defendant to trial. *See* [*State v.*] *Jones*, 34,542 at 6 [(La.App. 2 Cir. 2/8/91)], 780 So.2d at 1239 ("Although the status conference was continued, the trial date remained the same. This did not act as a suspension of time as it was not a preliminary plea."). Although [Dana] Cummings had acted reasonably in delaying matters to accommodate [Jesse] Hearin in working out the details of representing respondent through a second trial, the attorney had formally enrolled in the case on March 22, 2000. Hearin was therefore in a position to convey her plea offer to respondent, and Cummings's uncertainty over the question of whether prosecution should proceed under the original or new bill of information, whether or not shared by Hearin, had no bearing on the selection of a trial date. Without regard to whether Hearin acquiesced in delaying the arraignment for a month while the state pondered its charging alternatives, the resetting of the status conference did not constitute a preliminary plea for purposes of La.C.Cr.P. art. 580 providing the state with an additional year to bring the case to trial because it had no apparent impact on the state's ability to prosecute the case.

5

*Brooks,* 838 So.2d at 783. On the other hand, the supreme court found the trial court's own continuance, for the purpose of allowing the defendant time to substitute counsel, constituted a preliminary plea within the scope of La.Code Crim.P. art. 580. The supreme court reasoned the trial court's continuance, made solely to accommodate the defense and effectuate the defendant's right to counsel, suspended prescription because the State's ability to prosecute was affected until the matter of the defendant's representation was settled.

In response, the State claimed the Motion to Quash was untimely under La.Code Crim.P. art. 521.[2] The State then cited the rules of court as follows: "'Except upon special order of the court no defendant who has appeared on a pretrial date shall be reset for a subsequent pretrial date.'"[3] The State asserted a trial date could not "go forward or be properly set without a successfully-completed pretrial date during which certain issues like the satisfaction of discovery, exculpatory information that the defense has brought throughout leading up to trial is suggesting that it is not satisfied." The State further noted that Defendant continued multiple pretrial dates, including two in 2019.[4] The State then pointed out that correspondence with defense counsel indicated he never fully

[2] Louisiana Code of Criminal Procedure Article 521 mandates that pretrial motions be filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate. However, La.Code Crim.P. art. 535 states a motion to quash on the ground that the time limitation for commencement of trial has expired may be filed at any time before commencement of trial.

[3] The pertinent portion of the Fifteenth Judicial District Court Rules Appendix 15.0 provides:

> The defendant should be notified of the pre-trial (plea) day at the Arraignment. A defendant who is incarcerated on the date of arraignment shall be assigned the earliest available pre-trial date for the track to which his case is allotted, regardless of the number of cases already fixed. The defendant will be served with a trial date at the pre-trial appearance date. Except upon special order of the Court, no defendant who has appeared on a pre-trial date shall be reset for a subsequent pre-trial date.

[4] As previously set forth, the State joined in at least three motions to continue pretrials and moved to continue one pretrial on its own.

believed discovery had been satisfied. Moreover, the State attempted to set a mutually agreed upon trial date in December 2018. The State claimed that correspondence showed defense counsel did not want to set a trial date due to outstanding discovery, and that defense counsel insisted on setting a motion date before a trial date. The State also asserted that as late as the day prior to the hearing on the Motion to Quash, defense counsel addressed the need for exculpatory evidence. The State further pointed out that a subpoena duces tecum had been issued at Defendant's request, and the information requested was returnable on the day of trial.[5] Additionally, that information was declined when provided.

In support of its argument, the State cited *State v. Marshall*, 99-2884 (La.App. 1 Cir. 11/8/00), 808 So.2d 376. In *Marshall*, the defendant argued that his two motions to continue trial status conferences were not preliminary pleas. Thus, they did not suspend the prescriptive period under La.Code Crim.P. art. 580. The first circuit concluded "a 'Motion for a Continuance of a Trial Status Conference' is a plea, filed after the institution of prosecution before the trial, which causes the trial to be delayed." *Marshall,* 808 So.2d at 379. The first circuit stated that each time the status conference was continued, the trial was also continued. It noted that the assistant district attorney testified that procedure for the Twenty-Third Judicial District Court called for the continuation of trial when a status conference was continued. The first circuit concluded the last defense motion to continue the status conference was a preliminary plea. *Id.* The State further argued that *Marshall* stood for the proposition that a pretrial conference that was continued by a defendant suspended the time limitation.

_____

[5] Defendant requested, via letter, that the Lafayette Parish Clerk of Court issue subpoenas and subpoenas duces tecum to various employees of the Lafayette Parish Sheriff's Department for their attendance at trial and production of thirty-two listed items, which included exculpatory evidence.

7

Specifically, the State argued at the hearing on the Motion to Quash:

> [I]n light of the issues that we've raised, the late filing, the violation of the court rules, the prejudice, the gamesmanship of saying the discovery is not satisfied, and the flip-flopping immediately when it's convenient to say that it is, that that -- Judge, that is not -- if this Court is interested in extending the Brooks holding, it should not do so on these facts.
>
> And I'll also note that the prosecutors were in good faith, the correspondence will show that. Working with defense counsel, despite this type of gamesmanship, we were trying to honor all of his requests, the correspondence will show that, pick a trial date that was mutually acceptable. And I'll just -- I just have to note, I'm actually very impressed with defense counsel at this approach. It's very -- It's very impressive.

The State offered correspondence from "December 18th through the trial date" and the local court rules.[6]

Defense counsel noted that La.Code Crim.P. art. 581 provided for a motion to quash to be filed prior to trial. Defense counsel then agreed with the court's assertion that the filing of an amended bill of information did not breathe new life into a prosecution that had lapsed.[7] As for discovery, defense counsel asserted the obligation to provide exculpatory evidence was continuing, and all he had done was remind the State of its obligation.

The trial court ruled as follows:

> This prosecution was commenced on July 27, 2016, so the State had two years to bring it to trial, which would be 7/27 of '18. And since it is presumptively lapsed, the time limit, it's up to the State to prove that there was a preliminary plea or some other event that interrupted or suspended the running of the time delays established by Article 578 of the Code of Criminal Procedure.

---

[6] The emails date from December 10, 2018 through June 20, 2019, and involve a discussion of a continuance of trial, exculpatory evidence, an offer of diversion or working the matter out, a trial date, and a motion date.

[7] We also find that the amendment of the bill of information had no effect on the time limitation. *See State v. Curington*, 09-867, p. 19 (La.App. 5 Cir. 10/26/10), 51 So.3d 764, 777, *writ denied,* 10-2612 (La. 4/8/11), 61 So.3d 684; *State v. Wilson*, 363 So.2d 481, 483 (La.1978).

The motion to recuse was filed in June of '17. It was immediately granted, so there wasn't any time -- any time suspension created by the pendency of a motion to recuse because it did not pend; it was granted immediately.

The second issue is, are the defense motions or their joining in a -- joining in a motion to continue a pretrial conference, was that a preliminary plea which had the effect of suspending the running of the time delays.

Our pretrial conferences here are the functional equivalent of a status conference, and I find that those motions to continue did not have the effect of continuing a trial date because there never was a trial date.

The discovery motion -- I think Mr. Boustany contends that the discovery motion was granted on the day that Commissioner Frederick signed it. I'm not so sure about that because it was an alternate order. The State was ordered to respond or show cause on a hearing date, and Commissioner Frederick didn't set a hearing date.

So I think at that point that discovery motion was pending. I think it ceased pending when on December 29th, three weeks later --

The discovery motion was filed December 8, 2016, an answer was filed by Mr. Haney, Assistant District Attorney Haney, on December 29th, exactly three weeks later, answering and saying that the defense was entitled to open file discovery, and that the discovery motion was satisfied.

At that point I consider the discovery motion no longer to be pending. It created a three-week suspension in the running of the time delays.

So from July 27, 2016, to July 27, 2018, that was the two years. If you add three weeks to it, it goes into August of '18, and I think that's when the time -- time delay for bringing this to trial lapsed.

That makes the correspondence of December -- December of 2018 and all the correspondence since irrelevant because this case had already lapsed.

It was within the State's power to set a trial date any time it wanted to. The State never did. So I find that the time delay under Article 578, 580, lapsed in August of 2018, and the motion to quash is granted.

In brief to this court, the State contends Defendant's numerous continuances of pretrials were preliminary pleas that suspended the time limitation for

9

commencing trial. The State cites *Brooks*, 838 So.2d 778, in support of its argument. The State acknowledges the trial date had not been set when Defendant moved to continue the pretrial conference dates. However, the State contends that repeatedly moving to continue pretrial hearing dates for exorbitant lengths of time can hamper the proceedings as a whole and keep them from progressing. The State then asserts the following continuances were requested by Defendant:

**December 1, 2016**: continued 111 days to March 9, 2017.[8]

**March 9, 2017**: continued 98 days to June 15, 2017.

**June 15, 2017**: Defense Motion to Recuse the District Attorney, resulting in the matter being set back 140 days to November 2, 2017.

**November 2, 2017**: continued 140 days to March 22, 2018.

**March 22, 2018**: continued 161 days to August 30, 2018.

**August 8, 2018**: continued 70 days to November 8, 2018.[9]

**November 8, 2018**: continued 105 days to February 21, 2019.

**February 21, 2019**: continued 84 days to May 16, 2019.

The State contends that a delay of 909 days is attributable to Defendant. Moreover, "[t]his case if anything, provides striking context to the *Brooks* definition: a preliminary plea is any pleading or motion (including a motion to continue) filed by the defense *which has the effect* of delaying trial."

The State asserts Defendant seeks to rely on "an apparent fiction that preliminary pleas enter into consideration when a trial date is 'on the books.'" The State asserts this reasoning is flawed in this case because the setting of a trial date was made difficult by the extent of Defendant's delays. The State avers that

---

[8] We find there were ninety-eight days from December 1, 2016 through March 9, 2017.

[9] We find there were ninety-two days from August 8, 2018 through November 8, 2018. However, we note that August 8 may be a typographical error as there are no court minutes to validate that date.

"[r]easonably viewing solely the continuances taken by the Defendant, the State had until no earlier than February 21, 2020 to bring the Defendant to trial."

Addressing discovery, the State asserts Defendant filed a motion for discovery on December 8, 2016, and it was never ruled on. The State continues:

> [W]hile practically speaking discovery motions do not always require a ruling by the court, in this case the motion nonetheless functioned to suspend the time limitation on bringing the case to trial. Following the motion's filing, the Defendant continually indicated to the State that discovery was not complete, even after the District Attorney's Office made its entire file available in open discovery. Following the recusal of this case to the Attorney General's Office, counsel for the Defendant again indicated that discovery was outstanding, even going as far as to refuse to agree to a trial date until it was satisfied.

The State asserts that it was not until April 3, 2019, that Defendant finally indicated to the trial court that there was no outstanding discovery in his "Motion and Order to Set Aside Motion Date."[10] However, at that time, Defendant was seeking voluminous documentation via subpoena duces tecum with a return date of June 24, 2019, the trial date.

The State then cites *State v. Jones*, 41,449 (La.App. 2 Cir. 9/20/06), 940 So.2d 61, wherein an attorney filed a motion for discovery even though discovery had already been provided by the State and the attorney ultimately did not represent the defendant. The defendant later filed a motion to quash, arguing the attorney did not represent him and the motion he filed did not require an answer. The second circuit addressed the question of whether the motion required any ruling as follows:

> We disagree. By filing the motion for discovery, at the very least, the state is required to review the motion and determine if it must comply with the discovery request. Moreover, it is the filing of the preliminary plea, such as a motion for discovery, that triggers the suspension of the prescriptive period. The suspension lasts until the motion is ruled upon, but in no event does the state have less than one year from the ruling to commence trial. La. C. Cr. P. art. 580. In this

---

[10]The motion did not specifically reference discovery.

11

instance, there was no ruling required and [the attorney] subsequently informed the D.A. he would not be enrolling as counsel of record. We conclude, however, that the filing did trigger the one-year period provided by Art. 580.

*Id.* at 74. In its appellate brief, the State asserts the instant case is similar to *Jones* in that:

Defendant filed a discovery motion on December 8, 2016, and thereafter represented numerous times to the State that the discovery request had not been satisfied, in spite [of] the fact that open discovery had been made available. Similar to *Jones*, Defendant's discovery motion required the State to review and comply with it, but the State here was also forced to do so again and again, each time counsel for the Defendant claimed that discovery was not satisfied—essentially re-urging his motion. Arguably, Defendant is attempting to engage in such re-urging without doing so formally on the record, creating the appearance, for record purposes, that he had abandoned the motion. However, as this Court has recently stated:

We have found no decision by any court of this state that supports the proposition that a defendant can file a motion to suppress, or other preliminary plea, wait until after the two-year delay for trial, and then file a motion to quash for failure to timely try the case, using his own failure to seek resolution of his prior motion as an abandonment of the motion.

*State v. Broussard*, 18-667 (La.App. 3 Cir. 3/13/19), 269 So.3d 1094, 1104.

A review of the evidence in the record makes it clear that Defendant's discovery motion was pending for an extended period of time. The State submits that it was pending at least until his April 3, 2019 representation that no outstanding motions were pending.

In response, Defendant contends his Motion to Quash was timely filed under La.Code Crim.P. arts. 581 and 535. The State's argument that the local rules provide that the State cannot move for a trial date without a successfully completed pretrial date is incorrect. Defendant notes that La.Code Crim.P. art. 702 provides that "[c]ases shall be set for trial by the court on motion of the state, and may be set for trial on motion of the defendant." Moreover, La.Code Crim.P. art. 61 gives the

district attorney or the attorney general, when prosecuting the case, the right to determine "whom, when, and how he shall prosecute."

Defendant asserts the pretrial conferences in this case are the equivalent of status conferences, and, when no trial date has been set, the continuation of a pretrial conference has no effect on the trial date. Defendant cites *State v. Jones*, 34,542, 34,543 (La. 2/28/01), 780 So.2d 1234, *writ denied*, 01-2820 (La. 8/16/02), 822 So.2d 613, which was cited by the supreme court in *Brooks*, 838 So.2d at 783, in support of his argument. In *Jones*, 780 So.2d 1234, several status conferences were continued at defendant's request, but the trial date remained the same. The supreme court did not consider the continuances to be preliminary pleas. Defendant claims that all of his requests to continue the pretrial conferences were made before a trial date was set.[11]

Defendant further argues the State's claims that emails delayed trial lack merit. Defendant asserts that La.Code Crim.P. arts. 579 and 580 provide the specific grounds for suspension and interruption of the time for commencing trial, and there is no mechanism for the period to be extended for good cause as is available in the Children's Code. *See State in Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745. Defendant then addresses the emails submitted by the State and asserts he was surprised by the State's desire to proceed to trial. Defendant contends the emails did not constitute preliminary pleas or delay trial, and they occurred after expiration of the delay for bringing him to trial.

**ANALYSIS:**

"[A] preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial." *Brooks*, 838 So.2d at 782. "Article 580 of the

---

[11]A trial date was set on January 7, 2019. A joint motion to continue a pretrial was made on February 2, 2019. The matter was continued to a motions date of May 16, 2019, but that date was set aside on written motion of Defendant because no motions were pending at that time.

Louisiana Code of Criminal Procedure is clear that when defendant has filed a preliminary motion . . . 'the running of the periods of limitation . . . shall be suspended *until the ruling of the court thereon*.' La.Code Crim.Proc.Ann. art. 580 (emphasis added)." *State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1288.

Oral motions to continue can suspend the time period for bringing a defendant to trial. *State v. Catalon*, 14-768, p. 4 (La.App. 3 Cir. 12/23/14), 158 So.3d 114, 117, *writ denied*, 15-462 (La. 1/8/16), 184 So.3d 692. Numerous pretrial conferences were continued on oral or written motion of Defendant. However, based on a reading of La.Code Crim.P. art. 580 and *Rome*, 630 So.2d 1284, the State's assertion that a 909-day delay in this case is attributable to Defendant is erroneous. The State's calculations are incorrect, and the time period between pretrial conference dates is not what is counted toward suspension of time limitation.

Moreover, the motions to continue the pretrials in this case were not preliminary pleas. In *Brooks*, 838 So.2d at 783, the supreme court held that resetting a status conference that had no "apparent impact on the state's ability to prosecute the case" was not a preliminary plea. The trial court found the pretrials in this case to be the functional equivalent of status conferences. The continuation of those pretrials did not delay trial, as the State did not request a trial date until the time delay provided by La.Code Crim.P. art. 578 had lapsed. The ruling in *Brooks* is consistent with *State v. Blazio*, 99-765 (La.App. 4 Cir. 3/15/00), 756 So.2d 606. At issue in *Blazio* was a judgment denying the defendant's motion to quash. In its opinion, the fourth circuit stated:

> [W]e find the minute entry for November 20, 1997 insufficient to establish a one-year extension under Article 580, as claimed by the State. Notably, the matter had not been set for trial on this date, but only for a status hearing. Therefore, the absence of Mr. Blazio's attorney would not constitute a trial delay attributable to the defense.

14

Furthermore, despite counsel's indicated failure to appear, a new trial date was set for January 7, 1998. Thus, whether this hearing was continued due to the absence of the defense attorney or "for the State," as indicated by the minute entry, the setting of a new trial date on November 20, 1997 serves only to end a period of suspension, if any, arising from a November 12th continuance of trial.

*Id.* at 609 (footnote omitted).

In the trial court, the State relied on the local rules of court to support its argument. Regardless of what the rules of court mandate, "[t]he court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate." *State v. Driever*, 347 So.2d 1132, 1134 (La.1977).

A discussion of the actual preliminary pleas filed by Defendant is necessary. A motion for discovery was filed on December 8, 2016. The order was signed on December 12, 2016. However, no time for response was set. That order reads in pertinent part as follows:

> **IT IS ORDERED** that the foregoing motion includes the defendant's request for evidence favorable to the defendant, and, pursuant to C.Cr.P. Article 521(C), the State of Louisiana shall respond to that part of the motion by the ___ day of _____, 20 ___;
>
> **IT IS FURTHER ORDERED** that the State of Louisiana, all appropriate law enforcement agencies, and the District Attorney shall file a written answer to the motion on or before _____, serving a copy thereon on the defendant's attorney at the address listed therein, divulging and producing all other pertinent information and documents requested or required and specifying the time, place and manner of making the inspection and discovery of show cause on ___ day of _____, 20 ___ at ___ o'clock ___.m. why the court should not order the discovery and inspection to be made on a date, hour, and location specified by the court.

The State filed an answer to the motion on December 29, 2016, which included a statement that the District Attorney "has an open file policy. The defendant is

encouraged to make an appointment to inspect the case file kept by the District Attorney prior to trial."

We agree with the trial court's ruling that prescription was suspended until the motion for discovery was initially answered by the State. In *State v. Thomas*, 51,346, pp. 10-11 (La.App. 2 Cir. 6/21/17), 223 So.3d 759, 766, *writ denied*, 17-1264 (La. 3/9/18), 237 So.3d 523, the second circuit addressed the need for a ruling on a premature defense motion as follows:

> In *State v. Oliver*, 34,292 (La. App. 2 Cir. 5/9/01), 786 So.2d 317, this court found:
>
>> Obviously[,] a motion filed before formal institution of prosecution cannot suspend the prescriptive period for bringing a defendant to trial because the prescriptive period has not begun to run. Additionally, such motions are subject to dismissal by either party. On the other hand, if the motions have not been dismissed when prosecution is instituted by the filing of a bill of information or by indictment, then the defect of prematurity is cured and the motions become preliminary pleas. When prescription is suspended, the relevant period is not counted toward the two-year time limitation. The suspension lasts until the court rules thereon. *State v. Cranmer*, 306 So.2d 698 (La.1975); *State v. Pratt*, 32,302 (La. App. 2 Cir. 9/22/99), 748 So.2d 25.
>
> In *State v. Jackson*, [40,376 (La.App. 2 Cir. 12/14/05), 916 So.2d 1274, *writ denied*, 06-442 (La. 9/22/16), 937 So.2d 376], this court expanded its holding in *Oliver*, *supra*, by finding that the filing of the state's answer to an outstanding motion for bill of particulars negated the trial court's need for ruling on the motion, and suspension of the prescriptive period ends upon the filing of said answer.
>
> . . . .
>
> A review of the record for timeliness issues shows that several events occurred to suspend the running of the two-year time limitation. First, a premature motion for bill of particulars, filed on May 7, 2012, immediately suspended the running of prescription because the defense did not dismiss the premature motion after the filing of the grand jury indictment. Failure to dismiss the motion after institution of prosecution cured the defect of prematurity and suspended prescription upon the filing of the indictment. This suspension could not end until either the trial court ruled upon the motion or the state filed a response, whichever occurred first.

16

Accordingly, we find no error in the trial court's findings that discovery was satisfied three weeks after the motion for discovery was granted and that the time for commencing trial was suspended until the motion was satisfied.

Although Defendant complained about discovery in emails and the State relies on those complaints to assert the motion for discovery was not satisfied until the filing of Defendant's "Motion and Order to Set Aside Motion Date" on April 3, 2019, we find that correspondence between the parties does not constitute a preliminary plea. Moreover, "[t]he State is under a continuing obligation to promptly disclose additional evidence that may be discovered or that it decides to use as evidence at trial. La. C.Cr.P. art. 729.3." *State v. Humbles*, 14-643, pp. 14-15 (La.App. 5 Cir. 3/11/15), 169 So.3d 547, 557, *writ denied*, 15-725 (La. 3/24/16), 190 So.3d 1195.

The bill of information was filed on July 27, 2016. The only preliminary pleas filed by Defendant were a motion for discovery and a motion to recuse. As previously noted, the motion for discovery was signed four days after it was filed. Even given the three weeks the trial court added to the prescriptive period for the filing of the State's initial answer to discovery, the State failed to request a trial date until after the time for bringing Defendant to trial lapsed. Additionally, the motion to recuse was granted the same day it was filed, adding nothing to the time period to commence trial. Even assuming, arguendo, that the trial could not proceed until the Attorney General took over prosecution of the case on September 18, 2017, the time to commence trial would still have expired before the State moved to set a trial date on January 7, 2019. After the trial date was set, Defendant filed a "Motion and Order to Set Aside Motion Date," but that motion did not disturb the trial date.

17

Louisiana Code of Criminal Procedure Article 61 gives the State "entire charge and control of every criminal prosecution," which includes having a case set for trial. *See also* La.Code Crim.P. art. 702. Because of the State's delay in setting the matter for trial, we cannot say the trial court abused its discretion in granting Defendant's Motion to Quash.

For these reasons, we hereby affirm the trial court's judgment granting Defendant's Motion to Quash.

**AFFIRMED.**